COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

B. DAVID MEHMET,

Plaintiff,

v.

PAYPAL, INC.,

Defendant.

Case No. 5:08-cv-01961-RS

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

DATE: June 11, 2008
TIME: 9:30 a.m.
CTRM: 4, 5th Floor
JUDGE: Hon. Richard Seeborg

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT- MATTER JURISDICTION

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on June 11, 2008, at 9:30 a.m., in Courtroom 4, Fifth Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, California, Defendant PayPal, Inc. ("PayPal") will and hereby does move the Court for an order dismissing Plaintiff B. David Mehmet's ("Plaintiff") Complaint for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

Defendant moves to dismiss the Complaint because it – on its face – fails to satisfy the "amount-in-controversy" requirement of 28 U.S.C. § 1332, pursuant to which Plaintiff invokes this Court's jurisdiction. PayPal makes this Motion pursuant to this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order Granting Motion to Dismiss for Lack of Subject-Matter Jurisdiction, the Declaration of Oleg Cross, any oral argument, and such other matters as the Court deems necessary or appropriate. In addition, PayPal makes this motion following a conference by parties that took place on May 1, 2008 regarding the noticed hearing date pursuant to the San Jose Division Standing Order Regarding Case Management in Civil Cases.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

PayPal operates a popular online money transfer service via its website. (*See* ¶ 5.)[1] Plaintiff has used PayPal's services. (*See, e.g.*, ¶¶ 6-11.) Plaintiff incurred a negative balance on his account (¶ 42), failed to rectify it, and instead, created additional accounts (*see id.*) to bypass PayPal's account management system to make further money transfers.[2] Eventually, the

---

[1] All ¶ references are to paragraphs in the Complaint.

[2] The Court need not make a finding as to these facts. PayPal offers these facts only to provide a background of this action (and not in support of its motion). (*See* Civil L.R. 7-5.) PayPal respectfully asks the Court to rule on its motion based solely on the facts alleged in the Complaint. *See Jiang v. Lee's Happy House*, No. C-07-03606-RS, 2007 U.S. Dist. LEXIS 80861, at *3 (N.D. Cal. Oct. 23, 2007) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction, i.e., that the lack of jurisdiction appears from the 'face of the complaint. . . .'") (Seeborg, J.); *Digital Envoy, Inc. v. Google, Inc.*, No. C-04-01497-RS, 2006 U.S. Dist. LEXIS 24865, at*19 (N.D. Cal. Mar. 28, 2006) (dismissing claim for lack of subject-matter jurisdiction under Rule 12(b)(1)) (Seeborg, J.); *see also Verizon Cal., Inc. v. Peevey*, 413 F.3d 1069, 1084

existence of these multiple accounts (some listed under different names, but linked to Plaintiff's bank accounts) set off an alarm by PayPal's anti-fraud protection system. (*See* ¶ 12.) As a result, PayPal temporarily suspended Plaintiff's accounts, as well as the transfers Plaintiff attempted to make to other users (effectively freezing $1,950). (*See* ¶¶ 7-12.) PayPal also sent out its standard e-mail message to users to whom Plaintiff attempted to transfer funds, notifying them that those funds could not transferred due to possible fraud or lack of authorization. (*See* ¶ 12.)

Instead of resolving this matter with PayPal, coming clean about his multiple accounts (under different names), and rectifying his negative balance, Plaintiff filed this lawsuit. (*See* ¶ 21.) Even though PayPal promptly returned to Plaintiff the $1,950.00 at issue (which Plaintiff concedes; *see* ¶ 21), Plaintiff appears committed to litigation. Plaintiff asserts ten causes of action, alleges that PayPal's actions resulted in loss of two contracts, and demands $10,000,000 in compensatory and $100,000,000 in punitive damages. (*See* ¶¶ 70; 77; 84; 91; 100; 107; 113; 121; 127; 134; Prayer for Relief Item 9.)

Critically, <u>this Court need not reach the merits of this case, as it lacks subject-matter jurisdiction to do so</u>. It is clear from the face of the Complaint that the "amount-in-controversy" is well below the diversity jurisdictional limit of $75,000.[3] Plaintiff may not use exaggerated demands to satisfy the amount-in-controversy requirement. The real amount at stake is, at most, $1,950.00.[4] (*See* ¶¶ 7-12.) Yet, even if the Court were to accept as true (for the purpose of this motion) Plaintiff's allegations that he lost a contract with a PayPal user, allegedly suffering $17,038.00 in damages, the amount in controversy would still be only $18,988.00. As such, this case does not belong in federal court.

---

(9th Cir. 2005) ("[I]t is the burden of the complainant to allege facts demonstrating the appropriateness of invoking judicial resolution of the dispute.").

[3] Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

[4] Plaintiff also appears to seek interest on the $1,950, which he alleges PayPal wrongly withheld. (*See* ¶ 22.) However, under 28 U.S.C. § 1332, interest may not be used to satisfy the amount-in-controversy requirement. *See id.*

## II. THE COMPLAINT ON ITS FACE FAILS TO SATISFY THE "AMOUNT-IN-CONTROVERSY" REQUIREMENT OF 28 U.S.C. § 1332(A)

Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ¶ 1.) Under § 1332(a), in addition to the diversity requirement, jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." *Id.*; *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (the "amount-in-controversy [is a] threshold [] ingredient" of diversity jurisdiction under 28 U.S.C. § 1332).

"[T]he amount in controversy in this case [is measured] by the ***amount at stake*** in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 661 (9th Cir. 2005) (noting that this approach "is consistent not only with [precedent] from this circuit, but with decisions from other circuits as well.") (emphasis added); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("[I]t is well established that the amount in controversy is measured by the value of the object of the litigation.") (citation and internal quotation marks omitted.)

Here, accepting as true Plaintiff's allegations for the purpose of this motion, the alleged "amount at stake" is at most $18,988.00.[5] (*See* ¶¶ 7-28.) Specifically, Plaintiff claims that PayPal improperly withheld from him $1,950.00 (¶ 18), which Plaintiff concedes PayPal later returned. (*See* ¶ 21.) Plaintiff further claims that because PayPal notified one of its users (Eric Anderson) that Plaintiff's funds were not transferred to Anderson (due to possible fraud or lack of authorization), Plaintiff lost a contract with that user, allegedly suffering $17,038.00 in damages. (*See* ¶ 28.)[6]

---

[5] Although ¶ 1 of the Complaint states that the amount in controversy exceed "seventy five thousand dollars," this statement is not supported by any factual allegations in the Complaint. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) ("Mere averment" of the jurisdictional amount is insufficient); *Phototherа, Inc. v. Oron*, No. 07CV490, 2007 U.S. Dist. LEXIS 89053 (S.D. Cal. Dec. 4, 2007) (Plaintiff may not deliver a "'bald recitation' that the amount in controversy exceeds $ 75,000 without offering any significant supporting facts.")

[6] Plaintiff also claims that "*due to Eric Anderson terminating his contract* with the Plaintiff [causing alleged damages of $17,038.00], the Plaintiff lost [a] contract with Carmike Cinemas, Inc. . . . " Plaintiff "estimate[s]" that, as a result of the latter lost contract, he "lost future income estimated in the hundreds of thousands of dollars. . . ." *See* ¶ 29 (emphasis added). As detailed *infra* at 5-6, courts have rejected such far-fetched theories of damages for the purpose of establishing the minimum amount-in-controversy. *See, e.g., Christensen v. Northwest Airlines,*

As such, the Complaint is subject to dismissal for lack of subject-matter jurisdiction **on its face**. *See Rilling v. Burlington Northern R.R. Co.*, 909 F2d 399, 401 (9th Cir. 1990) (holding that a complaint that fails to allege both (1) diversity of citizenship and (2) the proper amount in controversy is subject to a Rule 12(b)(1) "facial attack."); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986) ("[t]he amount in controversy is normally determined from the face of the pleadings.")

Although Plaintiff demands $10,000,000 in compensatory damages (*see* ¶¶ 70; 77; 84; 91; 100; 107; 113; 121; 127; 134) and $100,000,000 in punitive damages (*see* Prayer for Relief Item 9), these figures bear no rational relationship to any of Plaintiffs' claims or property at stake (including the $18,988.00 of alleged damages). Federal courts, including this Court, have routinely held that such exaggerated demands may not be used to satisfy the amount-in-controversy requirement. *See, e.g., Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-531 (9th Cir. 1980) (affirming dismissal for lack of subject-matter jurisdiction where plaintiff's "claims of damages over $ 10,000 were not made in good faith but only for the purpose of obtaining federal court jurisdiction."); *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1095 (S.D. Cal. 2006) (dismissing complaint pursuant to Rule 12(b)(1) for failure to satisfy

---

*Inc.*, 633 F.2d 529, 530-531 (9th Cir. 1980) (affirming dismissal for lack of subject-matter jurisdiction where plaintiff's "claims of damages over $ 10,000 were not made in good faith but only for the purpose of obtaining federal court jurisdiction."). Moreover, Plaintiff's "estimated" (¶ 29) damages as a result of termination of a contract by a third party (Anderson) are highly speculative, as they are contingent on, *inter alia*: (1) the existence of a valid contract with Carmike; (2) Plaintiff's actually "produc[ing]" the alleged "film"; (3) Carmike distributing the alleged "film" pursuant to such a contract; and (4) that distribution resulting in a profit for the Plaintiff (the amount of which Plaintiff only "estimates," but admittedly does not know or even allege; (*see* ¶ 29)). Under California law, "[s]uch damages are equivalent to loss of use of sale proceeds, which are not permitted because they are too speculative." *Seeley v. Seymour*, 190 Cal. App. 3d 844, 864 (Cal. App. 1st Dist. 1987). Accordingly, because it is clear to a "legal certainty" that such damages cannot be recovered, they may not be used to satisfy the amount-in-controversy requirement. *See Christensen*, 633 F.2d at 531. In addition, any claim for such "lost" proceeds would be too speculative to survive even under Rule 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1965 (2007) (to survive a Rule 12(b)(6) motion a complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level.") Such speculation and far-fetched theories are insufficient to give rise to federal jurisdiction. *See Christensen*, 633 F.2d at 531 ("A federal court should not and cannot adjudicate such minor claims.")

Cooley Godward Kronish LLP
Attorneys At Law
San Diego

5.

Notice of Motion and Motion to Dismiss For Lack of Subject- Matter Jurisdiction

the "amount-in-controversy" requirement of § 1332, where "Plaintiff's claim of $ 50+ million in damages was 'not made in good faith, but rather is stated for the sole purpose of attempting to manufacture jurisdiction.'"); *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1025 (N.D. Cal. 2003) (remanding for, *inter alia*, failure to meet the "amount in controversy" requirement of § 1332 and rejecting the removing party's "guestimate, supposition and evolving theories related to the amount-in-controversy.") (Seeborg, J.); *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("[S]peculative argument regarding the potential value of the award is insufficient" to establish the amount in controversy."); *see also Rouston v. Mercantile Adjustment Bureau*, No. 1-08-cv-0222-LJO-GSA, 2008 U.S. Dist. LEXIS 16160, *5-*6 (E.D. Cal. Feb. 21, 2008) (dismissing complaint for lack of subject-matter jurisdiction because the property at issue was worth less than the jurisdictional minimum, and denying leave to amend because this deficiency could not cured by amendment).

## III. CONCLUSION

Accordingly, because the Complaint, on its face, fails to satisfy the "amount-in-controversy" requirement of § 1332, PayPal respectfully asks this Court to dismiss this action for lack of subject-matter jurisdiction.

Dated: May 5, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
OLEG CROSS (246680)

/s/
Oleg Cross
Attorneys for Defendant
PAYPAL, INC.

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

B. DAVID MEHMET,

Plaintiff,

v.

PAYPAL, INC.,

Defendant.

Case No. 5:08-cv-01961-RS

**DECLARATION OF OLEG CROSS IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

DATE: June 11, 2008
TIME: 9:30 a.m.
CTRM: 4, 5th Floor
JUDGE: Hon. Richard Seeborg

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DECL. OF OLEG CROSS I/S/O MOTION TO DISMISS FOR LACK OF SUBJECT- MATTER JURISDICTION

I, Oleg Cross, declare as follows:

1. I am an associate with the law firm of Cooley Godward Kronish LLP, attorneys for Defendant PayPal Inc. ("PayPal") in the above-captioned action. I submit this declaration in support of PayPal's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. I am fully familiar with the facts set forth herein and, if called as a witness, would competently testify thereto.

2. On May 1, 2008, I conducted a telephonic conversation with B. David Mehmet, Plaintiff in the above-captioned action. In that conversation, Mr. Mehmet and I agreed on the noticed date and time of the hearing for this motion. Mr. Mehmet further stated that the noticed date and time of this hearing would not inconvenience or prejudice him. In addition, Mr. Mehmet stated that that he would oppose this motion.

I hereby declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true to the best of my knowledge.

Dated: May 5, 2008

OLEG CROSS

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
OLEG CROSS (246680)
(ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:(858) 550-6000
Facsimile:(858) 550-6420

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DECL. OF OLEG CROSS I/S/O MOTION TO DISMISS FOR LACK OF SUBJECT- MATTER JURISDICTION

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

B. DAVID MEHMET,

Plaintiff,

v.

PAYPAL, INC.,

Defendant.

Case No. 5:08-cv-01961-RS

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

DATE: June 11, 2008
TIME: 9:30 a.m.
CTRM: 4, 5th Floor
JUDGE: Hon. Richard Seeborg

The motion of Defendant PayPal Inc. ("PayPal") to dismiss Plaintiff's Complaint was heard on June 11, 2007 at 9:30 a.m. in this Court. PayPal, appearing by counsel, and Plaintiff, *pro se*, were in attendance and presented oral arguments. Having considered the parties' papers filed in support of and in opposition to the motion, oral argument, and other pleadings and papers on file herein, the Court finds that it does not have subject-matter jurisdiction over this matter, as the Complaint fails to adequately allege the minimum amount-in-controversy required by 28 U.S.C. § 1332.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT- MATTER JURISDICTION**

Accordingly, good cause appearing, **IT IS HEREBY ORDERED THAT:**

**(a)** PayPal's motion to dismiss the Complaint is granted; and

**(b)** The Complaint is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated:________________________

______________________________
Honorable Richard Seeborg
United States Magistrate Judge

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

[PROPOSED] ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT- MATTER JURISDICTION

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

B. DAVID MEHMET,

Plaintiff,

v.

PAYPAL, INC.,

Defendant.

Case No. 5:08-cv-01961-RS

**PROOF OF SERVICE**

DATE: June 11, 2008
TIME: 9:30 a.m.
CTRM: 4, 5th Floor
JUDGE: Hon. Richard Seeborg

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 4401 Eastgate Mall, San Diego, California 92121. On the date set forth below I served the documents described below in the manner described below:

1. **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION;**

2. **DECLARATION OF OLEG CROSS IN SUPPORT OF MOTION TO COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**

3. **[PROPOSED] O RDER GRANTING MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

☒ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by __________ for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

B. David Mehmet
130 Church Street, Suite 251
New York, NY 1007

Executed on May 5, 2008, at San Diego, California.

Shelley Williams