1    COOLEY GODWARD KRONISH LLP
     MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2    OLEG CROSS (246680) (ocross@cooley.com)
     4401 Eastgate Mall
3    San Diego, CA  92121
     Telephone: (858) 550-6000
4    Facsimile: (858) 550-6420

5    Attorneys for Defendant
     PAYPAL, INC.

6

7

8                         UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   B. DAVID MEHMET,                      Case No. 5:08-cv-01961-RMW

13                 Plaintiff,              **OPPOSITION TO PLAINTIFF'S MOTION
                                           FOR PARTIAL SUMMARY JUDGMENT**
14          v.
                                           DATE:     July 25, 2008
15   PAYPAL, INC.,                         TIME:     9:00 a.m.
                                           CTRM:     6, 4th Floor
16                 Defendant.              JUDGE:    Hon. Ronald M. Whyte

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

I.    **STATEMENT OF ISSUES TO BE DECIDED.**

A.    Whether this Court can determine, based on the evidence in the record, and before any discovery was conducted, that the e-mail Defendant PayPal, Inc. ("PayPal") sent to another PayPal user, Eric Anderson ("Anderson"), stating that Plaintiff's money transfer was determined to be fraudulent, constituted defamation, even though admissible evidence demonstrates that PayPal's statement was true?

II.    **LEGAL STANDARD GOVERNING PLAINTIFF'S MOTION.**

Summary judgment is only appropriate where evidence in the record presents no genuine issue of material fact. *See* FED. R. CIV. P. 56. For the purposes of summary judgment, the moving party bears the burden of proving the absence of a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Moreover, this Court should "construe all facts in the light most favorable to the non-moving party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

III.    **PLAINTIFF HAS NOT ESTABLISHED THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACTS WITH RESPECT TO HIS DEFAMATION CLAIM.**

Plaintiff contends that he is entitled to summary judgment on his defamation claim. (*See* Mem. of P&As i/s/o Cross-Motion for Partial Summary Judgment, Doc. # 13, at 19.) The "evidence" Plaintiff offers consists of (a) an e-mail in which PayPal informs a PayPal user to whom Plaintiff attempted to transfer money (Anderson) that Plaintiffs' funds were determined to be fraudulent (*see* Doc. # 12, at 76); and (b) an affidavit by Anderson stating that he received PayPal's e-mail, and that this "email justified [Anderson's] termination of the contract with" Plaintiff. (*See* Doc. # 12, at 75.) These documents do not (and cannot) show, however, that the e-mail in question was actually false.

It is well settled that truth is an absolute defense to defamation. *See, e.g., Gill v. Hughes*, 227 Cal. App. 3d 1299, 1309 (Cal. Ct. App. 1991). Here, Plaintiff has not established that e-mail, stating that the funds in question were determined to be fraudulent, was false. To the contrary, credible and admissible evidence shows that the funds in question, were, in fact, fraudulent. Specifically, PayPal's Legal Support Specialist, who has investigated the transaction in question

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

1  and reviewed Mr. Mehmet's accounts with PayPal, concluded that the e-mail in question, stating

2  that Plaintiff's funds were fraudulent, was true.  (*See* Declaration of Tina Taylor in Support of

3  Opposition to Motion for Partial Summary Judgment ("Taylor Decl.").)  Specifically, Ms. Taylor

4  declared:

5  
6  
7  
> I concluded that Mr. Mehmet's practice of circumventing previously locked accounts, opening new accounts, and using new accounts to make transfers without rectifying past debs to PayPal, which at the time amounted to $2088.66, constituted fraud on PayPal.

8  (Taylor Decl. ¶ 15.)  Plaintiff has not provided any evidence to the contrary.  In any event, at the

9  very minimum, Ms. Taylor's declaration directly contradicts Plaintiff's claim that the statement

10  was false, raising a genuine issue of material fact.  Accordingly, Plaintiff's motion for partial

11  summary judgment should be denied.  *See Anderson*, 477 U.S. at 248 ("summary judgment will

12  not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a

13  reasonable jury could return a verdict for the nonmoving party.")

14  **IV.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PAYPAL HAS NOT HAD THE OPPORTUNITY TO CONDUCT ANY DISCOVERY.**

15  Courts routinely deny summary judgment where parties have not conducted any

16  discovery.  *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998); *Burlington N. Santa*

17  *Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir.

18  2003) (noting that "lightning-quick summary judgment motions [made prior to discovery] can

19  impede informed resolution of fact-specific disputes").  In fact, courts have held that Rule 56(f)

20  requires that the nonmoving be given  the opportunity to discover evidence that is essential to its

21  opposition.  *See Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (Rule 56(f)

22  "requir[es], rather than merely permit[s], discovery 'where the nonmoving party has not had the

23  opportunity to discover information that is essential to its opposition.'") (citing *Anderson*, 477

24  U.S. at 250 n.5); *see also Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1992)

25  (summary judgment should be entered "after adequate time for discovery.")

26  Here, Plaintiff filed his motion for summary judgment – simultaneously with his amended

27  complaint – before the parties have finished briefing the motion to dismiss, before PayPal filed an

28

1  answer, and before the parties have had an opportunity to conduct any discovery (or even conduct

2  a Rule 26(f) conference), including initial disclosures. PayPal should be granted the opportunity

3  to discover, *inter alia,* evidence pertaining to the alleged falsity of the e-mail in question as a

4  matter of course. Such discovery would likely include: (a) written discovery from Plaintiff

5  regarding ownership of multiple accounts with PayPal and unresolved debts on some of those

6  accounts; (b) deposition of Plaintiff on the same issues; and (c) deposition of Eric Anderson

7  regarding the circumstances surrounding receipt of the e-mail in question and cancellation of his

8  contract with Plaintiff. Such discovery is essential to PayPal's ability to oppose Plaintiff's

9  defamation claim. Accordingly, Plaintiff's motion for partial summary should be denied as

10  premature because the parties have not yet conducted any discovery.

11  **V.    CONCLUSION**

12      For all the foregoing reasons, the Court should deny Plaintiff's motion for partial

13  summary judgment.

14

15

16  Dated: June 27, 2008              COOLEY GODWARD KRONISH LLP
                                      MICHAEL G. RHODES (116127)
17                                    OLEG CROSS (246680)

18

19

20                                    /s/
                                      _____
                                      Oleg Cross
21                                    Attorneys for Defendant
                                      PAYPAL, INC.

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT

1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   OLEG CROSS (246680) (ocross@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA  92121
    Telephone: (858) 550-6000
4   Facsimile: (858) 550-6420

5   Attorneys for Defendant
    PAYPAL, INC.

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  B. DAVID MEHMET,                    │  Case No. 5:08-cv-01961-RMW

13              Plaintiff,              │  **DECLARATION OF TINA TAYLOR IN
                                        │  SUPPORT OF OPPOSITION TO MOTION
14      v.                              │  FOR PARTIAL SUMMARY JUDGMENT**

15  PAYPAY, INC.,                       │
                                        │  CTRM:   6, 4th Floor
16              Defendant.              │  JUDGE:  Hon. Ronald M. Whyte

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO                    1.    DECL. OF TINA TAYLOR I/S/O OPPOSITION TO
                                   MOTION FOR PARTIAL SUMMARY JUDGMENT
                                   CV-08-01961

1    I, Tina Taylor, declare as follows:

2    **1.**    I am employed at PayPal, Inc. ("PayPal"), defendant in this matter, as a Legal

3    Support Specialist.  I have personal knowledge of the matter stated herein and, if called as a

4    witness, could and would testify competently thereto.

5    **2.**    I have read plaintiff's pleadings in this matter and have undertaken an

6    investigation, both prior to the filing of this lawsuit and thereafter, into the facts alleged therein and

7    related matters regarding the money transfers at issue.  This investigation involves the ordinary

8    course of my daily employment activities as a Legal Support Specialist for PayPal.  In that

9    capacity, I frequently review financial transactions for PayPal users of the type covered by

10   plaintiff's allegations in this case.

11   **3.**    As a company policy, PayPal does not permit its users to maintain multiple

12   accounts.  The relevant portion of PayPal's User Agreement, Section 2.2, expressly states that all

13   users must maintain only one "Personal" account and either one "Premier" or "Business" account.

14   The relevant excerpts of the User Agreement in force for plaintiff are attached hereto collectively

15   as "Exhibit A" and incorporated by reference herein as though set forth in full.

16   **4.**    In order to become a PayPal user, all users, like plaintiff Badisse David Mehmet

17   ("Mr. Mehmet"), are taken through a page flow, in which they must agree to the terms and

18   conditions of the User Agreement.  The PayPal system is set up so that no account can be

19   established without the contract (User Agreement) being agreed to by the user.

20   **5.**    In violation of the User Agreement and the company's policy, Mr. Mehmet has

21   eight accounts with PayPal.  Five of these accounts are registered to "Badisse David Mehmet."  Of

22   these five accounts, three are "Business" accounts, one is a "Premier" account, and one is a

23   "Personal" account.

24   **6.**    In addition, there are two other "Business" accounts registered to "Bahia Mehmet"

25   and one "Premier" account registered to "Kheira Mehmet" – all three of which are linked to Mr.

26   Mehmet by: (1) same last name; (2) mailing address; (3) phone number; (4) visitor ID or cookies;

27   and (5) internet protocol address.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO                                    2.                    DECL. OF TINA TAYLOR I/S/O OPPOSITION TO
                                                                  MOTION FOR PARTIAL SUMMARY JUDGMENT
                                                                  CV-08-01961

1    **7.**    On September 9, 2006, PayPal locked an account registered to "Bahia Mehmet,"

2    ending in "5412," but linked to Mr. Mehmet, due to several returned payments by Mr. Mehmet's

3    banking institution, which resulted in a negative balance of $1,258.66 that was not rectified for an

4    extended period of time.  Because the account ending in "5412" was locked, its registered user

5    could not make any money transfers from that account without first bringing the account in good

6    standing.

7    **8.**    On October 8, 2006, PayPal locked an account registered to Mr. Mehmet ending in

8    "3464," due to the extended amount of time that the account held a negative balance of $695.00.

9    That balance was subsequently referred to a collection agency, but to the best of my knowledge

10   from my personal investigation into the matter, has not been collected.  Because the account

11   ending in "3464" was locked, Mr. Mehmet could not make any money transfers from that account

12   without first bringing the account in good standing.

13   **9.**    On February 1, 2007, PayPal placed a limitation, based on an "Aggregated

14   Suspicious Activity," on an account ending in "6634," registered to "Kheira Mehmet," but linked

15   to Mr. Mehmet.  The limitation was placed because this account was linked to the account ending

16   in "5412," which had a negative balance of $1,258.66 and was linked to Mr. Mehmet.

17   **10.**   On February 1, 2007, without rectifying the account ending in "6634," Mr.

18   Mehmet opened an account ending in "7132."

19   **11.**   On July 25, 2007, Mr. Mehmet initiated a payment from the account ending in

20   "7132" in the amount of $750.00 to another user, Mr. Eric Anderson.  The payment was set to be

21   funded using Mr. Mehmet's VISA card ending in "9024."

22   **12.**   On July 25, 2007, Mr. Mehmet also initiated a payment from the account ending in

23   "7132" in the amount of $1,200 to another user, Mr. Alexander Gutin.  The payment was set to be

24   funded using Mr. Mehmet's VISA card ending in "9024."  On that same date, Mr. Mehmet's

25   account ending in "7132" entered PayPal's fraud queue.

26   **13.**   Mr. Mehmet's account ending in "7132" entered PayPay's fraud queue for two

27   reasons: (1) this account was linked to the account ending in "3464," registered to Mr. Mehmet,

28   which had a negative balance of $695.00; and (2) Mr. Mehmet payments of $750.00 and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO                    3.                    DECL. OF TINA TAYLOR I/S/O OPPOSITION TO
                                                    MOTION FOR PARTIAL SUMMARY JUDGMENT
                                                    CV-08-01961

1   $1200.00 were both for intangible services, which had to be verified according PayPay's policy

2   and User Agreement.

3       **14.**    On August 3, 2007, Mr. Anderson provided PayPal with evidence of an agreement

4   between Mr. Mehmet and himself, satisfying PayPay's policy for payments for intangible

5   services.  However, after review of all the above-referenced accounts, PayPal determined that Mr.

6   Mehmet used new accounts to make transfers without rectifying debts on previously opened

7   accounts with PayPal.  As of August 3, 2007, Mr. Mehmet owed PayPal a total of $2088.66:

8   $695.00 for the account ending in "7132" plus $1,258.66 for the account ending in "5412,"

9   registered to "Bahia Mehmet," but linked to Mr. Mehmet.

10      **15.**    Based on the above facts, I concluded that Mr. Mehmet's practice of

11  circumventing previously locked accounts, opening new accounts, and using new accounts to

12  make transfers without rectifying past debs to PayPal, which at the time amounted to $2088.66,

13  constituted fraud on PayPal.

14      **16.**    Accordingly, in an e-mail dated August 6, 2007, responding to Mr. Anderson's

15  concerns about why Mr. Mehmet's $750.00 were not transferred, PayPal stated that the funds in

16  questions were suspected of being fraudulent and were subsequently determined to be fraudulent.

17  Based on the above facts, and to the best of my knowledge, that statement was true.  The e-mail

18  in question is attached hereto as "Exhibit B" and incorporated by reference herein as though set

19  forth in full.

20      **17.**    On August 6, 2007, PayPal reversed Mr. Mehmet's transfer to Mr. Gutin, and

21  returned the $1200.00 to Mr. Mehmet's VISA card ending in "9024."

22      **18.**    On August 11, 2007, PayPal reversed Mr. Mehmet's transfer to Mr. Anderson, and

23  returned the $750.00 to Mr. Mehmet's VISA card ending in "9024."

24      **19.**    To the best of my knowledge, as of this date, Mr. Mehmet has not paid the

25  $695.00 he owed to PayPal for the account ending "7132" or the $1,258.66 owed for the account

26  ending in "5412."

27      **20.**    I hereby declare under penalty of perjury under the laws of the United States and

28  the State of California that the foregoing is true to the best of my knowledge.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

DECL. OF TINA TAYLOR I/S/O OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
CV-08-01961

1    Executed on June 24, 2008 at LaVista, Nebraska.

2

3

4

5                                              TINA TAYLOR

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO                          5.        DECL. OF TINA TAYLOR I/S/O OPPOSITION TO
                                             MOTION FOR PARTIAL SUMMARY JUDGMENT
                                             CV-08-01961

# Exhibit A

This Agreement is a contract between you and PayPal and applies to your use of PayPal's Services. You must read, agree with and accept all of the terms and conditions contained in this Agreement. We may amend this Agreement at any time by posting a revised version on our website. The revised version will be effective at the time we post it. In addition, if the revised version includes a Substantial Change, we will provide you with 30 Days' prior notice of Substantial Change by posting notice on the "Policy Updates" page of our website. We last modified this Agreement on January 10, 2007.

This Agreement contains fifteen sections, and you may jump directly to any section by selecting the appropriate link below. The headings and subheadings below are for reference only and do not limit the scope of each section. Some capitalized terms have specific definitions, and we have provided them in section 15. You will also find underlined words in this Agreement and on our website that hyperlink to relevant information.

1. **Our Relationship With You**
2. **Eligibility and Types of Accounts**
3. **Sending Money**
4. **Receiving Money**
5. **Account Balances**
6. **Withdrawing Money**
7. **Closing your Account**
8. **Fees**
9. **Restricted Activities**
10. **Your Liability – Actions We May Take**
11. **Seller Protection Policy**
12. **Errors and Unauthorized Transactions**
13. **Disputes between Buyers and Sellers - Buyer Protection Programs**
14. **Disputes with PayPal**
15. **Definitions**

## 1. Our Relationship With You

**1.1 PayPal is only a Payment Service Provider.** PayPal helps you make payments to and accept payments from third parties. PayPal is an independent contractor for all purposes, except that PayPal acts as your agent only with respect to the custody of your funds. PayPal does not have control of or liability for the products or services that are paid for with our Service. We do not guarantee the identity of any User or ensure that a buyer or a seller will complete a transaction.

**1.2 Your Privacy.** Protecting your privacy is very important to PayPal. Please review our Privacy Policy in order to better understand our commitment to maintaining your privacy, as well as our use and disclosure of your Information.

**1.3 Privacy of Others.** If you receive Information about another PayPal User through the Service, you must keep the Information confidential and only use it in connection with the Service. You may not disclose or distribute a PayPal User's Information to a third party or use the Information for marketing purposes unless you receive the User's express consent to do so.

**1.4 Intellectual Property.** "PayPal.com," "PayPal," and all related logos, products and services described in our website are either trademarks or registered trademarks of PayPal or its licensors. You may not copy, imitate or use them without PayPal's prior written consent. In addition, all page headers, custom graphics, button icons, and scripts are service marks, trademarks, and/or trade dress of PayPal. You may not copy, imitate, or use them without our prior written consent. You may use HTML logos provided by PayPal through our merchant services, auction tools features or affiliate programs without prior written consent for the purpose

of directing web traffic to the Service. You may not alter, modify or change these HTML logos in any way, use them in a manner that is disparaging to PayPal or the Service or display them in any manner that implies PayPal's sponsorship or endorsement.

**1.5 Assignment.** You may not transfer or assign any rights or obligations you have under this Agreement without PayPal's prior written consent. PayPal reserves the right to transfer or assign this Agreement or any right or obligation under this Agreement at any time.

**1.6 Notices to You.** You agree that PayPal may provide notice to you by posting it on our website, emailing it to the email address listed in your Account, or mailing it to the street address listed in your Account. Such notice shall be considered to be received by you within 24 hours of the time it is posted to our website or email to you unless we receive notice that the email was not delivered. If the notice is sent by mail, we will consider it to have been received by you three Business Days after it is sent. You may request a paper copy of any legally required disclosures and you may terminate your consent to receive required disclosures through electronic communications by contacting PayPal as described in section 1.7 below. PayPal will charge you a Records Request Fee (per section 8) to provide a paper copy. PayPal reserves the right to close your Account if you withdraw your consent to receive electronic communications.

**1.7 Notices to PayPal.** Except as otherwise stated below in section 12 (Errors and Unauthorized Transactions) and section 14 (Disputes with PayPal), notice to PayPal must be sent by postal mail to: PayPal, Inc., Attention: Legal Department, 2211 North First Street, San Jose, California 95131.

**1.8 Transaction History.** You can access your full transaction history and Balance at any time by logging into your Account and clicking on the "History" tab.

**1.9 Regulation E Disclosures.** Our commitments to you in this Agreement related to liability for unauthorized transactions, stop-payment rights and procedures, error resolution rights and procedures, Fees, contact information, our Business Days, limitations we may impose on transfers, and your rights to statements of your transaction history, constitute disclosures under the Electronic Fund Transfer Act and Federal Reserve Board Regulation E, 12 C.F.R. § 205.1 *et seq.*

**1.10 Singapore Consumer Advisory.** The PayPal payment service is regarded as a stored value facility under Singapore law. PayPal, the holder of the PayPal stored value facility, does not require the approval of the Monetary Authority of Singapore. Consumers are advised to read these terms and conditions carefully.

## 2. Eligibility and Types of Accounts

**2.1 Eligibility.** To be eligible for our Services, you must be at least 18 years old and a resident of the United States or one of the countries listed on the PayPal World-Wide page. This Agreement applies only to Users who are residents of the United States and Singapore. If you are a resident of another country, you may access your agreement from our website in your country (if applicable).

**2.2 Personal, Premier and Business Accounts.** We offer three different types of Accounts: Personal, Premier and Business Accounts. You may only hold one Personal Account and either one Premier or one Business Account. By opening a Premier or Business Account and accepting the terms as outlined in this Agreement, you attest that you are not establishing the Account primarily for personal, family, or household purposes.

**2.3 Identity Authentication.** You authorize PayPal, directly or through third parties, to make any inquiries we consider necessary to validate your identity. This may include asking you for further information, requiring you to take steps to confirm ownership of your email address or financial

# **Exhibit B**

"pending-reversal@paypal.com" <pending-reversal@paypal.com> wrote:

Date: Mon, 6 Aug 2007 05:51:03 -0500 (CDT)
From: "pending-reversal@paypal.com" <pending-reversal@paypal.com>
To: Eric Anderson <eanderso@yahoo.com>
Subject: Re: Protections/Privacy/Security (Routing Code:C840-L001-Q414-T3335-S111) :kd2
(KMM78622I98L0KM)

Dear Eric Anderson,

Thank you for contacting PayPal. We regret the delay in responding to
your service request.

We regret that you have had this experience. We received notification
that the funds in question used for this transaction were possibly
fraudulent. We did an investigation and it was determined that the
funds, indeed, were fraudulent. As such, we had to return the funds to
the party that had them taken from them without their authorization.
You are not protected from this reversal of funds under our Seller
Protection Policy, as this transaction was not listed as eligible. I do
regret any frustration that this may cause.

Thanks again for writing, and thank you for being part of the PayPal
community.

Sincerely,
PayPal Account Review Department
PayPal, an eBay Company


Original Message Follows:
------------------------
Form Message
customer subject: I'm trying to figure out why a claim has been filed.
customer message: Additional Information: I'm trying to determine if
this
is simply a part of PayPal's security process, or if the client reversed

the charges.

Eric Anderson'

1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  OLEG CROSS (246680) (ocross@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA 92121
   Telephone:    (858) 550-6000
4  Facsimile:    (858) 550-6420

5  Attorneys for Defendant
   PAYPAL, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12  B. DAVID MEHMET,                    Case No.  C08 01961

13              Plaintiff,              **PROOF OF SERVICE**

14      v.

15  PAYPAY, INC.,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

585305 v1/SD                        1.                        C08 01961

1

2

# PROOF OF SERVICE
## (FRCP 5)

3

4

5

6

7

8

    I am a citizen of the United States and a resident of the State of California.   I am

employed in San Diego County, State of California, in the office of a member of the bar of this

Court, at whose direction the service was made.   I am over the age of eighteen years, and not a

party to the within action.   My business address is Cooley Godward Kronish LLP, 4401

Eastgate Mall, San Diego, California   92121.   On the date set forth below I served the

documents described below in the manner described below:

9

10

11

1.   **OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;**

2.   **DECLARATION OF TINA TAYLOR IN SUPPORT OF OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

12

13

14

☒   (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

15

16

☐   (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

17

18

☐   (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

19

20

21

☐   (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

22

23

24

25

☒   (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

586844 v1/SD

1.

5:08-CV-01961-RMW
PROOF OF SERVICE

1
2

B. David Mehmet
130 Church Street, Suite 251
New York, NY 10007

3

Executed on June 27, 2008, at San Diego, California.

4
5
6

Shelley Williams

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

586844 v1/SD

2.

5:08-CV-01961-RMW
PROOF OF SERVICE