1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  OLEG CROSS (246680) (ocross@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121
   Telephone: (858) 550-6000
4  Facsimile: (858) 550-6420

5  Attorneys for Defendant
   PAYPAL, INC.

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  B. DAVID MEHMET,                    Case No. 5:08-cv-01961-RMW

13              Plaintiff,              **DEFENDANT PAYPAL, INC.'S NOTICE OF
                                        MOTION AND MOTION TO DISMISS
14       v.                             PURSUANT TO FED. R. CIV. P. 12(B)(6)
                                        AND 9(B); MEMORANDUM OF POINTS AND
15  PAYPAL, INC.,                       AUTHORITIES IN SUPPORT THEREOF**

16              Defendant.              DATE:      September 26, 2008
                                        TIME:      9:00 a.m.
17                                      CTRM:      6, 4th Floor
                                        JUDGE:     Hon. Ronald M. Whyte
18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

# Table of Contents

|  |  |  | Page |
|---|---|---|---|
| I. | | INTRODUCTION AND PROCEDURAL HISTORY | 1 |
| | A. | Introduction | 1 |
| | B. | Procedural History. | 2 |
| II. | | APPLICABLE LEGAL STANDARDS | 2 |
| III. | | ARGUMENT | 3 |
| | A. | Plaintiff's Fraud-Based Claims (First, Second, and Third Causes of Action) Should be Dismissed. | 3 |
| | | 1. Plaintiff's Fraud-Based Claims Fail to Plead Fraud with Particularity. | 3 |
| | | 2. Plaintiff's Fraudulent Misrepresentation Claims (First, Second and Third Causes of Action) Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Damages. | 5 |
| | B. | Plaintiff's Negligent Misrepresentation Claim (Fourth Cause of Action) Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged a Specific Misrepresentation and Damages. | 7 |
| | C. | Plaintiff's Conversion Claim (Seventh Cause of Action) Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Damages. | 7 |
| | D. | Plaintiff's Claim for Tortious Inference (Eighth Cause of Action) Is Foreclosed by PayPal's User Agreement. | 8 |
| | E. | Plaintiff's Cal. Bus. & Prof. Code § 17200 Claim for "Unlawful, Unfair, and Fraudulent Practices" (Tenth Cause of Action) Sounds in Fraud and Should Be Dismissed for Failure to Plead Fraud with Particularity Required by Rule 9(b). | 8 |
| | F. | Plaintiff's RICO Claim (Eleventh Cause of Action) Is Grounded in Fraud and Should Be Dismissed for Failure to Plead Fraud with Particularity Under Rule 9(b). | 9 |
| IV. | | CONCLUSION | 10 |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abbot v. Stevens,*
   133 Cal. App. 2d 242 (1955) ...................................................................6

*Alfus v. Pyramid Technology Corp.,*
   745 F. Supp. 1511 (N.D. Cal. 1990) .......................................................10

*American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp.,*
   75 F.3d 1401 (9th Cir. 1995) ....................................................................8

*Apollo Capital Fund LLC v. Roth Capital Partners, LLC,*
   158 Cal. App. 4th 226 (Cal. Ct. App. 2007) ..............................................7

*Baldwin v. Marina City Properties, Inc.,*
   79 Cal. App. 3d 393 (Cal. Ct. App. 1978) .................................................8

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ....................................................................2

*Bell Atlantic Corp. v. Twombly,*
   127 S.Ct. 1955 (2007)...........................................................................2, 10

*Bly-Magee v. California,*
   236 F.3d 1014 (9th Cir. 2001) ................................................................10

*Burlesci v. Petersen,*
   68 Cal. App. 4th 1062 (Cal. Ct. App. 1998) ..............................................8

*Conrad v. Bank of Am.,*
   45 Cal. App. 4th 133 (Cal. Ct. App. 1996) ...............................................6

*Deiro v. Am. Airlines, Inc.,*
   816 F.2d 1360 (9th Cir. 1987) ..................................................................9

*Del Bino v. Bailey,*
   197 F.3d 997 (9th Cir. 1999) ....................................................................8

*Distrib. v. Serv-Well Furniture Co.,*
   806 F.2d 1393 (9th Cir. 1986) ..................................................................9

*Edwards v. Marin Park, Inc.,*
   356 F.3d 1058 (9th Cir. 2004) ..................................................................4

*Fecht v. Price Co.,*
   70 F.3d 1078 (9th Cir. 1995) ....................................................................3

*Gabor v. County of Santa Clara Bd. of Supervisors,*
   No. C-07-04266-RMW-(HRL), slip op., 2008 WL 902407 (N.D. Cal. Mar. 31,
   2008) .........................................................................................................9

*Garamendi v. Golden Eagle Ins. Co.,*
   128 Cal. App. 4th 452 (Cal. App. Ct.. 2005) ............................................7

*In re GlenFed, Inc. Sec. Litig.,*
   42 F.3d 1541 (9th Cir. 1994) ....................................................................2

*Kaplan v. Rose,*
   49 F.3d 1363 (9th Cir. 1994) ....................................................................2

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&As I/S/O MTD

**TABLE OF AUTHORITIES**
(continued)

Page

*Lazar v. Superior Court,*
   12 Cal. 4th 631 (1996) .................................................................................7

*Lim v. The TV Corp. Internat.,*
   99 Cal. App. 4th 684 (Cal. Ct. App. 2002) ...................................................5

*Lovejoy v. At&T Corp.,*
   92 Cal. App. 4th 85 (Cal. Ct. App. 2001) .....................................................6

*Marcelos v. Dominguez,*
   No. C 08-00056 WHA, slip op., 2008 WL 2788173 (N.D. Cal. July 18, 2008) .................9

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.,*
   6 Cal. App. 4th 603 (1992) ...........................................................................6

*Mazur v. eBay Inc.,*
   No. C 07-03967-MHP, slip. op., 2008 WL 618988 (N.D. Cal. July 25, 2008) .................5, 10

*Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC,*
   404 F. Supp. 2d 1214 (E.D. Cal. 2005) ..........................................................3

*Moore v. Kayport Package Express, Inc.,*
   885 F.2d. 531 (9th Cir. 1989) ........................................................................5

*Navarro v. Block,*
   250 F.3d 729 (9th Cir. 2001) .........................................................................2

*Odom v. Microsoft Corp.,*
   486 F.3d 541 (9th Cir. 2007) .........................................................................2

*Oestreicher v. Alienware Corp.,*
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ...........................................................4

*Parrish v. National Football League Players Ass'n,*
   534 F. Supp. 2d 1081 (N.D. Cal. 2007) ..........................................................9

*R & B Auto Center, Inc. v. Farmers Group, Inc.,*
   140 Cal. App. 4th 327 (Cal. Ct. App. 2006) ...................................................5

*Shamsian v. Atlantic Richfield Co.,*
   107 Cal. App. 4th 967 (2003) .......................................................................7

*Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.,*
   185 F.2d 196 (9th Cir. 1950) .........................................................................4

*United Centrifugal Pumps v. Schotz,* No. C-89-2291-FMS,
   1991 U.S. Dist. LEXIS 21100 (N.D. Cal. June 12, 1991) ...............................9

*United States v. Richie,*
   342 F.3d 903 (9th Cir. 2003) .........................................................................3

*Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir.2003) ........................................................................9

*Walling v. Beverly Enters.,*
   476 F.2d 393 (9th Cir. 1973) .........................................................................3

*Wanetick v. Mel's of Modesto, Inc.,*
   811 F. Supp. 1402 (N.D. Cal. 1992) ..............................................................8

*Weiss v. Marcus,*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

**TABLE OF AUTHORITIES**
(continued)

Page

51 Cal. App. 3d 590 (Cal. Ct. App. 1975) ...............................................................................8

**STATUTES**

Cal. Civ. Code. § 1709.............................................................................................................6

Cal. Civ. Code. § 17200...........................................................................................................9

18 U.S.C. § 1961.......................................................................................................................9

Fed. R. Civ. P. 9(b) ....................................................................................................2, *passim*

Fed. R. Civ. P. 12(b)(6)............................................................................................2, *passim*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

1

## NOTICE OF MOTION AND MOTION

2      **PLEASE TAKE NOTICE** that on September 26, 2008, at 9:00 a.m., in Courtroom 6, Fourth

3   Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, California,

4   Defendant PayPal, Inc. ("PayPal") will and hereby does move the Court for an order dismissing

5   First, Second, Third, Fourth, Seventh, Eighth, Tenth, and Eleventh Causes of Action of Plaintiff

6   B. David Mehmet's ("Plaintiff") Verified Amended Complaint ("Complaint" or "AC") for failure

7   to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

8      PayPal makes this Motion based on this Notice of Motion and Motion, the accompanying

9   Memorandum of Points and Authorities, the [Proposed] Order Granting Motion to Dismiss, the

10  Declaration of Oleg Cross, any oral argument, and such other matters as the Court deems

11  necessary or appropriate.  In addition, PayPal makes this motion following conferences by parties

12  that took place on August 12 and 20, 2008 regarding the noticed hearing date pursuant to the San

13  Jose Division Standing Order Regarding Case Management in Civil Cases.

14

## MEMORANDUM OF POINTS AND AUTHORITIES

15  **I.    INTRODUCTION AND PROCEDURAL HISTORY.**

16      **A.    Introduction.**

17      Plaintiff alleges several misrepresentation and fraud-related claims based on alleged

18  misstatements in PayPal's User Agreement (the operative contract between the parties) and

19  fraudulent concealment of so-called "false positives" allegedly produced by PayPal's fraud

20  detection system.  Further, Plaintiff asserts claims for conversion and tortious interference with a

21  business relationship based on PayPal's act of suspending his money transfers to another user,

22  Eric Anderson.  In addition, Plaintiff alleges defamation causes of action based on an e-mail sent

23  by PayPal to Anderson, allegedly accusing Plaintiff of fraud.

24      However, eight out of Plaintiff's eleven claims are legally insufficient (on the face of the

25  Complaint) and should be dismissed.[1]  Specifically, Plaintiff's fraud-related claims are deficient,

26  _____

27  [1] This motion challenges the following claims: Fraudulent Misrepresentation (First Cause of
    Action), Fraudulent Concealment (Second Cause of Action), Fraudulent Inducement (Third
    Cause of Action), Negligent Misrepresentation (Fourth Cause of Action), Conversion (Seventh

28  Cause of Action), Tortious Interference with Business Relationship (Eighth Cause of Action),

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

1  as Plaintiff fails to plead the alleged fraud or misrepresentations with particularity as required by

2  Rule 9(b).  Furthermore, Plaintiff's remaining claims are legally insufficient because Plaintiff

3  fails to allege: (a) any specific misrepresentation, and (b) damages.

4      **B.    Procedural History.**

5      On April 14, 2008, Plaintiff filed his original complaint.  On May 19, 2008, PayPal filed

6  a motion to dismiss for lack of subject-matter jurisdiction.    On May 27, 2008, Plaintiff filed an

7  opposition, and contemporaneously with it, an amended complaint and a cross-motion for partial

8  summary judgment on his claims for defamation (Fifth Cause of Action) and defamation per se

9  (Sixth Cause of Action).  On August 12, 2008, the Court denied both motions.  (August 12, 2008

10  Order, Doc. No. 26, hereinafter "Order.")

11  **II.    APPLICABLE LEGAL STANDARDS**

12      Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim that

13  either lacks a cognizable legal theory or where plaintiff alleges insufficient facts to support it.  *See*

14  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Navarro v. Block*, 250 F.3d

15  729, 732 (9th Cir. 2001).  As the Supreme Court recently emphasized, "labels and conclusions,

16  and a formulaic recitation of the elements of a cause of action will not" survive a motion to

17  dismiss. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-66 (2007).

18      In addition, a plaintiff alleging fraud must satisfy a heightened pleading standard that

19  requires circumstances constituting fraud be pled with particularity under Fed. R. Civ. P. 9(b).

20  Specifically, "[t]he pleadings must state precisely the time, place, and nature of the misleading

21  statements, misrepresentations, and specific acts of fraud."  *Kaplan v. Rose*, 49 F.3d 1363, 1370

22  (9th Cir. 1994), *cert. denied*, 516 U.S. 810 (1995); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-

23  554 (9th Cir. 2007).  Furthermore, a plaintiff seeking to satisfy Rule 9(b) must "set forth an

24  explanation as to why the statement or omission complained of was false and misleading."  *In re*

25  *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *see Fecht v. Price Co.*, 70 F.3d

26

27  Unlawful, Unfair and Fraudulent Business Practices in Violation of Cal. Bus. & Prof. Code §

28  17200 (Tenth Cause of Action), and Racketeering in violation of 18 U.S.C. § 1961 ("RICO")
    (Eleventh Causes of Action).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

1078, 1082 (9th Cir. 1995), *cert. denied*, 517 U.S. 1136 (1996).

## III.  ARGUMENT

### A.  Plaintiff's Fraud-Based Claims (First, Second, and Third Causes of Action) Should be Dismissed.

#### 1.  Plaintiff's Fraud-Based Claims Fail to Plead Fraud with Particularity.

It is well established that fraud-based claims are subject to the heightened pleading requirements of Rule 9(b).  *See Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973) (alleging in conclusory fashion that defendant's conduct was fraudulent was not sufficient under Rule 9(b)); *Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement.").

Plaintiff alleges three fraud-based claims for relief (Causes of Action I-III for: "Fraudulent Misrepresentation," "Fraudulent Concealment," and "Fraudulent Inducement") based on the same alleged conduct.  Specifically, Plaintiff alleges (in all three claims) that PayPal fraudulently misrepresented in its User Agreement that it "would not interfere" with Plaintiff's money transfers "without good cause." (AC ¶¶ 114-117, 132-133, 135, 137, 141-142).  Further, Plaintiff alleges (similarly, in all three of his claims) that PayPal concealed or misrepresented the existence of the alleged "false positives." (AC ¶¶ 126, 127, 134, 135, 143, 148, 149.)  These claims are entirely without merit.  As an initial matter,  PayPal's User Agreement – a judicially noticeable document admittedly executed by Plaintiff (AC ¶ 58) -- does not contain any such statements regarding not interfering with transfers "without good cause."[2]

To the contrary, the User Agreement states, in relevant parts, that if any user engages in a Restricted Activity[3] (defined in Section 9.1 to include, among other things,  having "negative balance" on one's account (Section 9.1.n.)), PayPal may, among other things:  (a) "close, suspend, or limit" that user's access to its account, including that user's "ability to send money"

---

[2] This Court has already found that "it is appropriate that the court take judicial notice of" PayPal's User Agreement.  (Order at 4.)  PayPal renews its request for judicial notice of that document (Doc. No. 21-2 and 21-3) in support of this motion.  (*See* Order at 4) (citing *United States v. Richie*, 342 F.3d 903, 902 (9th Cir. 2003).

[3] (*See* AC ¶ 60.)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

1  (Section 10.2.a.); (b) "contact buyers" and "warn other Users . . . or impacted third parties of [that

2  user's] actions" (Section 10.2.b.); (c) "refuse to provide [its] services [to that user] in the future"

3  (Section 10.2.d.); or (d) "hold [such user's] funds for up to 180 days if reasonably needed to

4  protect against the risk of liability." (Section 10.2.e.).  At the time PayPal suspended Plaintiff's

5  transfer, Plaintiff admittedly owed PayPal $695.00 on a previously-established, delinquent

6  account.  (AC  ¶ 88.)  Therefore, Plaintiff's claim that PayPal tricked him (through some

7  misrepresentation) into using its services, and then improperly suspended his money transfer is

8  wrong.  More importantly, Plaintiff has failed to identify any supposed false statement in

9  PayPal's User Agreement.

10      Similarly, although Plaintiff complains vaguely about concealment and misrepresentation

11  with respect to the alleged "false positives," he does not identify a single supposedly untrue

12  statement made by PayPal to Plaintiff in its User Agreement (or elsewhere).  (AC ¶¶ 126, 127,

13  134, 135, 143.)  Accordingly, Plaintiff has failed to allege a cognizable false statement that

14  induced him to use PayPal's services or any misrepresentation.  A claim that alleges

15  misrepresentation, but "does not identify any specific misrepresentations" is insufficient under

16  Rule 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003); *Edwards v.*

17  *Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (affirming dismissal of fraud claim under

18  Rule 9(b) where plaintiff failed to allege specific content of the allegedly fraudulent statement).[4]

19      In sum, Plaintiff's non-particularized pleading (plainly contradicted by judicially

20  noticeable facts) falls short of meeting the requirements of Rule 9(b), requiring dismissal of his

21  fraud-based claims.  *See Mazur v. eBay Inc.*, No. C 07-03967-MHP, slip. op., 2008 WL 618988,

22  at *13-*14 (N.D. Cal. July 25, 2008) (Patel, J.) (dismissing fraud-based claims for lack of

---

[4]  Plaintiff's "bare allegation of 'fraudulent concealment' is but a conclusion of law which falls far short of the particularity of statement required by Rule 9(b)." *Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.*, 185 F.2d 196, 209 (9th Cir. 1950); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008) (holding that "[t]he heightened pleading requirements of Rule 9(b) were designed to avoid exactly" such non-particularized and conclusory pleading of fraudulent concealment); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) (Rule 9(b) applies to "all averments of fraud," including allegations of fraudulent concealment).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

1    particularity under Rule 9(b)).

2              **2.    Plaintiff's Fraudulent Misrepresentation Claims (First, Second and Third Causes of Action) Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Damages.**

3

4         In California, the elements of fraudulent or intentional misrepresentation are: "[1]

5    misrepresentation, [2] made with knowledge of its falsity and [3] with an intent to defraud or

6    induce reliance, [4] justifiable reliance, and *[5] resulting damage*." *R & B Auto Center, Inc. v.*

7    *Farmers Group, Inc.*, 140 Cal. App. 4th 327, 377 (Cal. Ct. App. 2006) (emphasis added);  *see*

8    *also Lim v. The TV Corp. Internat.*, 99 Cal. App. 4th 684, 694 (Cal. Ct. App. 2002).  Aside from

9    the  lack of particularity noted above, Plaintiff is not alleged to have suffered any damages as a

10   result of the alleged misrepresentations.  (AC ¶¶ 114-117.)  Although Plaintiff asserts that he

11   suffered "general and special damages," (AC ¶ 129) the Complaint itself makes clear that

12   Plaintiff has not suffered any cognizable and recoverable damages, as discussed below.

13        ***First***, Plaintiff concedes that PayPal returned to him the funds that PayPal temporarily

14   suspended (AC ¶ 24 ).  ***Second***,  Plaintiff admittedly waived the right to any interest earned on the

15   funds PayPal handled for him by executing PayPal's User Agreement.[5]  (AC ¶ 58.)  ***Finally***, as

16   this Court has already determined, Plaintiff may not recover any alleged consequential damages

17   or lost profits, as the limitation of liability contained PayPal's User Agreement "preclude[s]

18   recovery of any lost profits or opportunities arising from Mr. Mehmet's use of PayPal's services."

19   (Order at 5-6.)  Accordingly, Plaintiff has not alleged recoverable damages.  *See* Cal. Civ. Code.

20   § 1709 (listing damages as an element of "fraudulent deceit"); *Conrad v. Bank of Am.*, 45 Cal.

21   App. 4th 133, 159 (Cal. Ct. App. 1996) ("Misrepresentation. . . does not support a cause of action

22

23   _____

24   [5] Specifically, Section 5.2 of that User Agreement states:

25              ***You agree that you will not receive interest*** or other earnings on the funds that Paypal handles as your agent and places in Pooled Accounts.  In

26              consideration for your user of [PayPal's] Service, ***you irrevocably transfer and assign to PayPal any ownership right that you have in any interest***

27              ***that may accrue*** on funds held in Pooled Accounts.

28   (Doc. No. 21-3) (Request for Judicial Notice ("RJN"), Ex. A at 6.) (Emphasis added).

1   unless the plaintiff suffered consequential damages. And the damages suffered must be referable

2   to, and caused by, the fraud."), *rev'd in part on other grounds by Lovejoy v. At&T Corp.*, 92 Cal.

3   App. 4th 85, 92 (Cal. Ct. App. 2001); *see Abbot v. Stevens*, 133 Cal. App. 2d 242, 247 (1955)

4   ("Fraudulent representations which work no damage cannot give rise to an action at law. . . .")

5   (internal citation omitted).

6       Similarly, Plaintiff's second cause of action for "fraudulent concealment" fails.  (AC ¶¶

7   131-139.)  In California, "the elements of an action for fraud and deceit based on concealment

8   are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must

9   have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have

10  intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the

11  plaintiff must have been unaware of the fact and would not have acted as he did if he had known

12  of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the

13  fact, *the plaintiff must have sustained damage*." *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151,

14  158 (Cal. Ct. App. 2004) (emphasis added) (citing *Marketing West, Inc. v. Sanyo Fisher (USA)*

15  *Corp.*, 6 Cal. App. 4th 603, 612–613 (1992).)  As already discussed, Plaintiff has not sufficiently

16  alleged any damages as a result of any alleged misrepresentation or concealment, requiring

17  dismissal of this claim.  *See Lovejoy*, 119 Cal. App. 4th at 158.

18      Plaintiff also asserts a claim for fraudulent inducement.  (AC ¶¶ 140-146.)  In California,

19  the elements of fraudulent inducement are: 1) misrepresentation or concealment of a material fact,

20  (2) knowledge of the falsity of the fact or lack of reasonable grounds for believing it to be true,

21  (3) an intent to induce reliance, (4) justifiable reliance   and (5) *resulting damages*.   *See*

22  *Garamendi v. Golden Eagle Ins. Co.*, 128 Cal. App. 4th 452, 470 (Cal. Ct. App. 2005) (citing

23  *Lazar v. Superior Court*,   12 Cal. 4th 631, 638 (1996)).   Once again, as already discussed in

24  Section III.A.2., *supra*,   Plaintiff has not sufficiently alleged any facts showing damages as a

25  result of any alleged misrepresentation or concealment, requiring dismissal.  *See Garamendi*, 128

26  Cal. App. 4th at 470.

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

**B.    Plaintiff's Negligent Misrepresentation Claim (Fourth Cause of Action) Should Be Dismissed  Because Plaintiff Has Not Sufficiently Alleged a Specific Misrepresentation and Damages.**

Plaintiff asserts a claim for negligent misrepresentation based on the same alleged conduct as his fraudulent misrepresentation and inducement claims.  (*Compare* AC ¶¶ 113-130 *with* AC ¶¶ 147-154; *see also* Order at 3.)  In California, the elements of negligent misrepresentation are: "(1) the ***misrepresentation of a past or existing material fact***, (2) without  reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) ***resulting damage***."  *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (Cal. Ct. App. 2007); *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 983 (2003).  As shown in Sections III.A.1.-2., *supra*, Plaintiff has failed to allege a specific misrepresentation by PayPal or damages sustained by Plaintiff.  Accordingly, this claim should also be dismissed.  *See Apollo*, 158 Cal. App. 4th at. 243.

**C.    Plaintiff's Conversion Claim (Seventh Cause of Action) Should Be Dismissed Because Plaintiff Has Not Sufficiently Alleged Damages.**

Plaintiff asserts a claim for conversion (AC ¶¶ 173-179.)  The elements of conversion under California law are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) **damages**." *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App. 3d 393 (Cal. Ct. App. 1978) (emphasis added); *Burlesci v. Petersen*, 68 Cal. App. 4th 1062 (Cal. Ct. App. 1998)); *see also American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 75 F.3d 1401, 1411 (9th Cir. 1995), *cert. denied*, 117 S. Ct. 58 (1996).

As an initial matter, the notion that PayPal's act of temporarily suspending Plaintiff's money transfer (without paying interest) constituted conversion of Plaintiff's property is disingenuous at best.  More importantly, however, Plaintiff has failed to allege any damages as a result of this suspended transfer, requiring dismissal of this claim.  (AC ¶¶ 173-179.)  First, Plaintiff concedes that PayPal returned to him the $1,950 at issue. (AC ¶ 24.)  Second, Plaintiff admittedly waived the right to any interest earned on the funds PayPal handled for him by

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

executing PayPal's User Agreement. (AC ¶ 58; *see* n. 4, *supra*, Doc. No. 21-3, RJN, Ex. A at 6). Having waived his right to any interest earned and assigned it to PayPal, Plaintiff did not have a property right to such interest, and PayPal could not have – as a matter of law – illegally converted property to which it had a legal right. *See Weiss v. Marcus*, 51 Cal. App. 3d 590, 599 (Cal. Ct. App. 1975) (of conversion requires action "inconsistent with rights" in the property); *Del Bino v. Bailey*, 197 F.3d 997, 1001 (9th Cir. 1999) ("in the absence of a property interest, . . . conduct could not constitute conversion."); *Wanetick v. Mel's of Modesto, Inc.*, 811 F. Supp. 1402, 1409 (N.D. Cal. 1992) (where "Plaintiff neither owned nor had the right to possess" the funds in question," Plaintiff "cannot demand such assets in a conversion action.")    In sum, Plaintiff has not alleged any damages both with respect to the principal of the transfer or any allegedly earned interest, and this claim should be dismissed as a matter of law.

### D.    Plaintiff's Claim for Tortious Inference (Eighth Cause of Action) Is Foreclosed by PayPal's User Agreement.

Plaintiff alleges tortious interference with a business relationship based on PayPal's alleged refusal to transfer Plaintiff's funds to Mr. Eric Anderson after Plaintiff provided PayPal with a copy of the contract between Plaintiff and Mr. Anderson. (AC ¶¶ 181-186.)    Plaintiff alleges damages in the form of lost contract benefits or lost profits. (AC ¶¶ 181, 185.)    However, as the Court already found, the limitation of liability in PayPal's User Agreement (RJN, Ex. A at 19) (§ 14.7 of User Agreement) "expressly limits PayPal's liability and "preclude[s] recovery of any lost profit or opportunity arising from Mr. Mehmet's use of PayPal's services." (Order at 5-6.)    Accordingly, this claim should be dismissed as a matter of law.    (*See* Order at 5-6) (citing *Deiro v. Am. Airlines, Inc.*, 816 F.2d 1360 (9th Cir. 1987).)

### E.    Plaintiff's Cal. Bus. & Prof. Code. § 17200 Claim for "Unlawful, Unfair, and Fraudulent Practices" (Tenth Cause of Action) Sounds in Fraud and Should Be Dismissed for Failure to Plead Fraud with Particularity Required by Rule 9(b).

Plaintiff throws in a cause of action under Cal. Bus. & Prof. Code. § 17200 based on the same facts as Plaintiff's other fraud claims – alleged fraudulent concealment of the existence of "false positives." (AC ¶ 196-199.)    "Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b)."    *Marcelos v. Dominguez*, No. C 08-00056 WHA,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

1   slip op., 2008 WL 2788173, at *10 (N.D. Cal. July 18, 2008) (citing *Vess v. Ciba-Geigy Corp.*

2   *USA*, 317 F.3d 1097, 1103 (9th Cir.2003) (applying Rule 9(b)'s pleading requirements for claims

3   based in fraud to a Section 17200 claim)).  Accordingly, this claim fails for lack of particularity,

4   like Plaintiff's other fraud-based claims, as shown in Section III.A.1, *supra.  See Parrish v.*

5   *National Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1093 (N.D. Cal. 2007).

6       **F.    Plaintiff's RICO Claim (Eleventh Cause of Action) Is Grounded in Fraud and**
         **Should Be Dismissed for Failure to Plead Fraud with Particularity Under**
7        **Rule 9(b).**

8       Plaintiff's RICO claim (Eleventh Cause of Action for violation of 18 U.S.C. § 1961 ) is

9   expressly grounded in fraud. (AC ¶¶  209, 210, 211, 218, 219.)  Accordingly, the heightened

10  pleading requirements of Rule 9(b) apply.  *See Schreiber Distrib. v. Serv-Well Furniture Co.*, 806

11  F.2d 1393, 1400 (9th Cir. 1986); *see Gabor v. County of Santa Clara Bd. of Supervisors*,  No. C-

12  07-04266-RMW-(HRL), slip op., 2008 WL 902407, at *4 (N.D. Cal. Mar. 31, 2008) (Whyte, J.)

13  (dismissing a RICO claim where "it is . . . unclear even after numerous actions by plaintiffs

14  alleging RICO violations what conduct is alleged to form the basis for plaintiffs' claim.").[6]

15      Under Rule 9(b), "conclusory allegations that defendant's conduct was fraudulent or

16  deceptive are not enough." *Alfus v. Pyramid Technology Corp.*, 745 F. Supp. 1511, 1519 (N.D.

17  Cal. 1990) (internal citations omitted); *Mazur v. eBay Inc.*, No. C 07-03967-MHP, slip. op., 2008

18  WL 618988, at *13-*14 (N.D. Cal. July 25, 2008) (dismissing RICO and other fraud-based

19  claims for lack of particularity under Rule 9(b)).  Here, Plaintiff's conclusory assertion that

20  PayPal "devised" a "fraudulent scheme" to hide the alleged "false positives" produced by its

21  fraud management system in order to "reap[] financial benefit" from interest earned on such

22  suspended transfers (AC ¶¶ 209-221) falls well short of meeting the exacting pleading

23  requirements of Rule 9(b).[7]  *See Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir.

24  1989) (to satisfy Rule 9(b), "[a]llegations of fraud under section 1962(c) 'must identify the time,

25  ───────────────
    [6] *See also United Centrifugal Pumps v. Schotz*, No. C-89-2291-FMS, 1991 U.S. Dist. LEXIS
26  21100 (N.D. Cal. June 12, 1991).
    [7] In fact, Plaintiff's alleged misrepresentations about "fabricated good cause" (AC ¶ 206), which
27  form the basis of its RICO claim, are squarely contradicted by the plain language of the User
    Agreement which, as discussed in Section III.A.1., *supra*, contains no such representation about
28  "good cause."

place, and manner of each fraud plus the role of each defendant in each scheme.'"). Accordingly, Plaintiff's formulaic recitations of the elements of RICO – without alleging specific facts in support of its massive "fraudulent scheme" theory – violates the particularity mandate of Rule 9(b). *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. Cal. 2001) (Rule 9(b) is not satisfied by plaintiff's allegations that defendant "concealed the fraudulent submission of false claims . . . to avoid repayment of funds. . ."); *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-66 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss).

## IV.    CONCLUSION

Plaintiff's improbable theory of massive fraud supposedly perpetrated by PayPal based on the alleged concealment of "false positives" is not supported by specific facts, falling short of the particularity requirements of Rule 9(b).  Accordingly, Plaintiff's claims that are based on or sound in fraud should be dismissed.  Further, Plaintiff's remaining claims should be dismissed for failure to allege any specific false misstatement and damages.

Therefore, for all for the foregoing reasons, the First, Second, Third, Fourth, Seventh, Eighth, Tenth, and Eleventh Causes of Action of Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(6) and 9(b).

Dated: August 22, 2008                                COOLEY GODWARD KRONISH LLP
                                                      MICHAEL G. RHODES (116127)
                                                      OLEG CROSS (246680)


                                                      /s/
                                                      _____
                                                      Oleg Cross
                                                      Attorneys for Defendant
                                                      PAYPAL, INC.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO OF P&AS I/S/O MTD

1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  OLEG CROSS (246680) (ocross@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121
   Telephone: (858) 550-6000
4  Facsimile: (858) 550-6420

5  Attorneys for Defendant
   PAYPAL, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12 | B. DAVID MEHMET,                    | Case No. 5:08-cv-01961-RMW

13 |              Plaintiff,             | **DECLARATION OF OLEG CROSS IN
                                           SUPPORT OF MOTION TO DISMISS
14 |       v.                           | PURSUANT TO FED. R. CIV. P. 12(B)(6)
                                           AND 9(B)**
15 | PAYPAL, INC.,

16 |              Defendant.            | DATE:     September 26, 2008
                                          TIME:     9:00 a.m.
17                                        CTRM:     6, 4th Floor
                                          JUDGE:    Hon. Ronald M. Whyte
18

19

20

21

22

23

24

25

26

27

28

I, Oleg Cross, declare as follows:

1. I am an associate with the law firm of Cooley Godward Kronish LLP, attorneys for Defendant PayPal Inc. ("PayPal") in the above-captioned action. I submit this declaration in support of PayPal's Motion to Dismiss Pursuant to Rules 12(b)(6) and 9(b). I am fully familiar with the facts set forth herein and, if called as a witness, would competently testify thereto.

**1.** On August 12 and 20, 2008, I conducted a telephonic conversation with B. David Mehmet, Plaintiff in the above-captioned action. In that conversation, Mr. Mehmet and I agreed on the noticed date and time of the hearing for this motion.

I hereby declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true to the best of my knowledge.

Dated: August 22, 2008

_____
OLEG CROSS

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
OLEG CROSS (246680)
(ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:(858) 550-6000
Facsimile:(858) 550-6420

1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   OLEG CROSS (246680) (ocross@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA 92121
    Telephone: (858) 550-6000
4   Facsimile: (858) 550-6420

5   Attorneys for Defendant
    PAYPAL, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   B. DAVID MEHMET,                    Case No. 5:08-cv-01961-RMW

13            Plaintiff,                 [PROPOSED] ORDER GRANTING MOTION
                                         TO DISMISS PURSUANT TO FED. R. CIV.
14        v.                             P. 12(B)(6) AND 9(B)

15   PAYPAL, INC.,
                                         CTRM:    6, 4th Floor
16            Defendant.                 JUDGE:   Hon. Ronald M. Whyte

17

18       The motion of Defendant PayPal, Inc. ("PayPal") to dismiss Plaintiff's Verified Amended

19   Complaint ("Complaint") was heard on September 26, 2008 at 9:00 a.m. in this Court.  PayPal,

20   appearing by counsel, and Plaintiff, *pro se*, were in attendance and presented oral arguments.

21   Having considered the parties' papers filed in support of and in opposition to the motion, oral

22   argument, and other pleadings and papers on file herein, the Court grants PayPal's motion to

23   dismiss First, Second, Third, Fourth, Seventh, Eighth, Tenth, and Eleventh Causes of Action of

24   Plaintiff's Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure

25   12(b)(6) and 9(b).

26

27

28

1    Accordingly, good cause appearing, **IT IS HEREBY ORDERED THAT:**

2    **(a)**    PayPal's motion to dismiss is granted; and

3    **(b)**    The First, Second, Third, Fourth, Seventh, Eighth, Tenth, and Eleventh Causes of

4    Action of Plaintiff's Complaint are dismissed.

5    **IT IS SO ORDERED.**

6

7

8    Dated:_____

9                                         Honorable Ronald M. Whyte
                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

[PROPOSED] ORDER GRANTING MOTION TO
DISMISS

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 4401 Eastgate Mall, San Diego, California 92121. On the date set forth below I served the documents described below in the manner described below:

1.      **DEFENDANT PAYPAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 9(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

2.      **DECLARATION OF OLEG CROSS IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 9(B)**

3.      **[PROPOSED] ORDER GRANTING MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 9(B)**

☒    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☐    (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐    (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐    (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☒    (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

586844 v1/SD

1.

5:08-CV-01961-RMW
PROOF OF SERVICE

1   B. David Mehmet
2   130 Church Street, Suite 251
    New York, NY 10007

3   Executed on August 22, 2008, at San Diego, California.

4

5   _____
    Jackie Foglio

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

586844 v1/SD                                2.                    5:08-CV-01961-RMW
                                                                  PROOF OF SERVICE