B. David Mehmet
130 Church Street
New York, NY 10007
Tele: (212) 920-7602
Fax: (212) 387-9387
Email: David@AppellateTerm.com

Plaintiff Pro Se



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| B. David Mehmet,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Paypal, Inc.<br>　　　　Defendant. | Case No. 5:08-CV-01961 (RMW)<br><br>**NOTICE OF MOTION FOR CERTIFICATION OF AUGUST 12, 2008 ORDER**<br><br>DATE:　Sept. 26, 2008<br>TIME:　9:00 a.m.<br>CTRM:　6, 4th Floor<br>JUDGE: Hon. Ronald M. Whyte |

**PLEASE TAKE NOTICE** that on September 26, 2008, at 9:00 a.m., in Courtroom 6, Fourth Floor of the above entitled Court, located at 280 South 1st Street, San Jose California, the Plaintiff, Pro Se, will move the Court for certification of the August 12, 2008 Order pursuant to 28 U.S.C. 1292(b). In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities, Plaintiff's declaration, and the attached exhibit.

Respectfully submitted,

_____
B. David Mehmet

## MEMORANDUM OF POINTS AND AUTHORITY

I    **Issues to be Decided**

Whether the certification of the August 12, 2008 interlocutory order is warranted pursuant to 28 U.S.C. 1292(b) for an appeal.

II.    **Brief Statement of Facts**

On August 6, 2007, the Defendant sent a defamatory email to Eric Anderson accusing me of fraud because it claimed that I stole $750.00 from a third-party. The Defendant then admitted in its employee's affidavit, Tina Taylor, that the $750.00 was NOT stolen; but that the $750.00 was taken from my debit card ending in "9024". Thus, the Defendant admitted to the falsity of its statements in its email dated August 6, 2007, which was defamatory.

In the prior motion for partial summary judgment on liability for the defamation causes of action, the Defendant requested that the partial summary motion be denied as premature pursuant to 56(f) based on the fact that it wanted to discover facts pertaining to "<u>accounts</u>", "<u>unresolved debts</u>", "<u>receipt of the email</u>", and "<u>cancellation of his contract</u>". None of these facts could preclude the partial summary motion, and the Defendant failed to explain how these facts could preclude the partial summary motion.

On August 12, 2008, this Court issued an order denying the motion for partial summary judgment on the grounds that quote **"Because neither party has had the opportunity to conduct discovery and because this does not appear to be the result of a lack of diligence, the motion for partial summary judgment is denied as premature without prejudice to its renewal"** unquote.

### III    This Court Erred in Denying the Partial Summary Motion.

This Court's Order dated August 12, 2008 failed to consider that the Defendant failed to identify existing facts that it could uncover through further discovery that would create an <u>issue of fact</u> to preclude the partial summary motion. Instead, this Court merely denied the partial summary judgment motion on the grounds that the Defendant did NOT have an opportunity to conduct discovery and that it did not appear to be the result of a lack of diligence. See **Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.** 525 F.3d 822 (9 Cir., 2008). Certification for an appeal is warranted as there is a clear conflict between the Court's August 12, 2008 order denying the partial summary motion and the prevailing law. See <u>United Air Lines, Inc. v. Wiener</u>, 286 F.2d 302 (9 Cir.), cert. denied, 366 U.S. 924, 81 S.Ct. 1352, 6 L.Ed.2d 384 (1961). See this Court's Order dated August 12, 2008 attached hereto as exhibit "A".

> "28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory order for appeal if it is of the opinion that (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b)."
>
> *Martens v. Smith Barney, Inc.*
> 238 F.Supp.2d 596 S.D.N.Y.,2002
>
> "The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motions.
>
> *Walsh v. McGee*
> 918 F.Supp. 107, 110 (S.D.N.Y.1996)

New York, N.Y.
August 20, 2008

_____
B. David Mehmet

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| B. David Mehmet, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>Paypal, Inc. )<br>)<br>Defendant. ) | Case No. 5:08-CV-01961 (RMW)<br><br>**PLAINTIFF'S DECLARATION<br>FOR CERTIFICATION** |

**B. David Mehmet**, states the following to be true and correct under the penalty of perjury:

1. That I have personal knowledge of the facts herein, and that I have conferred with the Defendant's counsel and we had come to a mutual agreement on the return date of this motion of September 26, 2008. This declaration is in support of my motion for certification of this Court's order dated August 12, 2008 pursuant to 28 U.S.C. 1292(b) for the purpose of an appeal.

2. That this Court erred when it failed to grant the partial summary motion due to the fact that NO evidence exists that could create an <u>issue of fact</u> to preclude the partial summary motion. That at the time I filed my prior papers in support of the motion for partial summary judgment, I was not aware of the law that required the Defendant to specifically state and identify discoverable facts that would establish an <u>issue of fact</u> to preclude summary judgment.

3. That it is impossible for the Defendant to produce or uncover facts pertaining to a third-party that had $750.00 stolen from them by me because the Defendant admitted that there was NO third-party that had $750 stolen from them by me, and that the $750.00 was actually obtained from my debit card ending in "9024".

4. That this Court simply based its denial of the partial summary motion on the fact that the Defendant did NOT have an opportunity to conduct discovery. This conclusion clearly does NOT meet the burden under 56(f). The Defendant MUST show that the facts to preclude the partial summary judgment exist. That such facts must be specially identified in the Defendant's affidavit, and the Defendant must explain how these facts would preclude the partial summary judgment. The Defendant completely failed to meet this burden, and thus, the motion for partial summary judgment on liability should have been granted on the defamation causes of action.

5. That the FACTS, which the Defendant wants to uncover in further discovery pertains to "**accounts**", "**unresolved debts**", "**receipt of the email**", and "**cancellation of his contract**", can never produce a fictitious third-party the Defendant created, nor can it produce $750.00 that was never stolen. Therefore, the Defendant can never prove the truth of its statements in its August 6, 2007 email that accused me of fraud and quote "**As such we had to return the funds to the party that had them taken from them without their authorization**" unquote.

6. That NO other motion requesting the relief herein has previously been made.

**WHEREFORE**, Plaintiff prays for the certification of this Court's Order dated August 12, 2008 for appeal, and such other and further relief as this Court deems just and proper.

Dated; New York, NY
      August 20, 2008

I B. David Mehmet pursuant to 28 U.S.C. § 1746 declare under the penalty of perjury that the forgoing statements are true and correct:

_____
B. David Mehmet

To: Mr. Oleg Cross
Cooley Godward Kronish, LLP.
4401 Eastgate Mall
San Diego, CA 92121
(858) 550-6000
(858) 550-6420
email: ocross@cooley.com



A

Case 5:08-cv-01961-RMW   Document 30   Filed 08/22/2008   Page 7 of 16

E-FILED on __8/12/2008__

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| B. DAVID MEHMET,<br><br>    Plaintiff,<br><br>v.<br><br>PAYPAL, INC.,<br><br>    Defendant. | No. C-08-01961 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 10, 12]** |

On April 14, 2008 plaintiff B. David Mehmet sued defendant Paypal, Inc. ("PayPal"), asserting multiple causes of action arising from Mr. Mehmet's use of PayPal's online money transfer service. PayPal moves to dismiss Mr. Mehmet's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Mr. Mehmet opposes the motion and moves for partial summary judgment. For the reasons set forth below, the court denies PayPal's motion to dismiss for lack of subject-matter jurisdiction and denies Mr. Mehmet's motion for partial summary judgment as premature.

# I. BACKGROUND

## A. Factual Background

PayPal operates an online money transfer service at its website, www.paypal.com. Am. Compl. ¶ 5 ("AC"). On or about July 25, 2007, Mr. Mehmet used PayPal's service to transfer $750 to Eric Anderson to pay for a "film treatment." AC ¶¶ 6-7, 36. PayPal's fraud detection software flagged this payment as possibly fraudulent, reversed the transfer, and suspended Mr. Mehmet's accounts with PayPal, effectively freezing $1,950 belonging to Mr. Mehmet. AC ¶ 79. On July 31, 2007, Mr. Mehmet contacted PayPal and was told that his account had been suspended because a previous PayPal account of his carried a negative balance and that this, combined with his recent transfers, caused PayPal's fraud detection software automatically to flag his account for possible fraudulent activity. AC ¶ 81. On August 6, 2007, PayPal sent an email to the recipient Eric Anderson in connection with this payment, stating that "the funds in question used for this transaction were possibly fraudulent. We did an investigation and it was determined that the funds, indeed, were fraudulent. As such, we had to return the funds to the party that had them taken from them without their authorization." AC ¶¶ 13-16. PayPal subsequently released and returned the funds to Mr. Mehmet, conceding that the payment was not fraudulent or unauthorized, but rather a "false positive." AC ¶¶ 25-28. However, PayPal did not pay Mr. Mehmet any interest earned on those funds while they were frozen. AC ¶ 25.

Around this time, Mr. Mehmet was planning to develop a film, "The Ultimate Hit." AC ¶ 35. Mr. Mehmet had engaged a private investor to finance the film in the amount of $250,000, contingent on delivery of the film treatment. AC ¶ 36. As a result of PayPal's reversal of the money transfer and the suspension of his PayPal account, Mr. Mehmet was unable to pay for and acquire the film treatment from Eric Anderson. AC ¶ 33. Subsequently, the investor backed out. AC ¶ 36. Mr. Mehmet also had plans to enter into an agreement with Carmike Cinemas, Inc. ("Carmike") to distribute the film in Carmike's theaters. AC ¶ 37. However, after Mr. Mehmet was unable to acquire the film treatment or secure financing for his film, Carmike declined to enter into such an agreement with the Mr. Mehmet. AC ¶ 45.

Based on these allegations, Mr. Mehmet asserts the following eleven causes of action:

(1) fraudulent misrepresentation, based on representations in PayPal's user agreement that it would not wrongly interfere with Mr. Mehmet's online money transfers without good cause;

(2) fraudulent concealment, based on PayPal's alleged concealment of the possibility and risk of "false positives";

(3) fraudulent inducement, based on the same conduct;

(4) negligent misrepresentation, based on the same conduct;

(5) defamation, based on the email sent by PayPal to Eric Anderson allegedly accusing Mr. Mehmet of fraud;

(6) defamation per se, based on the same conduct;

(7) conversion, based on PayPal's alleged initial refusal to transfer Mr. Mehmet's funds to Eric Anderson or return them to Mr. Mehmet, and PayPal's conduct in refusing to pay Mr. Mehmet for interest accrued on the withheld funds;

(8) tortious interference with business relationship, based on PayPal's refusal to transfer Mr. Mehmet's funds to Eric Anderson after Mr. Mehmet provided PayPal with a copy of the contract between Mr. Mehmet and Mr. Anderson;

(9) intentional infliction of emotional distress, based on the alleged emotional distress Mr. Mehmet suffered as a result of PayPal's conduct;

(10) unlawful, unfair and fraudulent business practices violating Cal. Bus. & Prof. Code § 17200, based on PayPal's overall conduct and in particular its alleged concealment of the existence of "false positives"; and

(11) racketeering, in violation of 18 U.S.C. § 1961 ("RICO"), based on PayPal's alleged concealment of the existence of false "positives" and its use of electronic communications to do so, its erroneous characterization of Mr. Mehmet's transaction as fraudulent and its use of electronic communications to do so, and its failure to pay interest accrued on Mr. Mehmet's funds while those funds were withheld.

United States District Court
For the Northern District of California

### B. Procedural Background

On April 14, 2008 Mr. Mehmet filed his original complaint, and on May 19, PayPal filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). On May 27, Mr. Mehmet filed an opposition, an amended complaint, and a cross-motion for partial summary judgment on his claims for defamation (Fifth Cause of Action) and defamation per se (Sixth Cause of Action).

## II. ANALYSIS

PayPal challenges this court's subject-matter jurisdiction, arguing both that the complaint fails on its face to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a) and that Mr. Mehmet's RICO claim, which would provide an independent basis for federal jurisdiction, is "insubstantial and frivolous" because Mr. Mehmet does not allege any predicate racketeering activity. Mot. to Dismiss at 3. Because the court finds that Mr. Mehmet's defamation claim satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a), it is unnecessary at this time to consider whether his RICO claims provides an independent basis for this court's jurisidction.

### A. Judicial Notice of PayPal's User Agreement

As a preliminary matter, PayPal asks that this court take judicial notice of its user agreement. Req. for Judicial Notice at 1 ("RJN"). A court may take notice of a document outside the complaint if that document is referenced in, or relied on by, the complaint. *United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1110 (N.D. Cal. 2003) ("Where a plaintiff fails to attach to the complaint documents referred to in it, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support plaintiff's claim."). The court notes that the complaint both references the PayPal user agreement and relies on it in support of its substantive allegations. *See* AC ¶¶ 58-61, 63. Accordingly, it is appropriate that the court take judicial notice of this document.

### B. Diversity Jurisdiction

For this court to have diversity jurisdiction under 28 U.S.C. § 1332, Mr. Mehmet must demonstrate that "the matter in controversy exceeds the sum or value of $75,000, exclusive of

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT — No. C-08-01961 RMW
VN
4

1  interest and costs." 28 U.S.C. § 1332(a). If made in good faith, the allegations in the complaint are
2  determinative. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).
3  However, if a party challenging jurisdiction can demonstrate "to a legal certainty that the claim is
4  really for less than the jurisdictional amount," the action must be dismissed. *Pachinger v. MGM*
5  *Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (citing *St. Paul*) (holding dismissal
6  for lack of the required amount in controversy proper where hotel's liability for losing guest's
7  jewelry was capped at $750 by state law). This "legal certainty" can be achieved either (1) when the
8  terms of a contract limit the plaintiff's possible recovery, (2) when plaintiff's damages are limited by
9  law (as was true in *Pachinger*), or (3) when independent facts show the amount of damages have
10 been selected merely to obtain federal diversity jurisdiction. *Id.* at 364 (quoting 14A Wright, Miller
11 & Cooper, Federal Practice and Procedure: Jurisdiction § 3702 (2d ed. 1985)).

### 1.  Damages for Lost Profits

13 Mr. Mehmet seeks compensatory damages for the loss of multiple contracts and
14 opportunities related to the development of his film. AC ¶¶ 129, 138, 145, 153, 162, 171, 178, 186
15 (First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action). He alleges that
16 PayPal's reversal of his money transfer and the allegedly defamatory email sent to Eric Anderson
17 resulted in the loss of these opportunities. *Id.* According to Mr. Mehmet, he is entitled to recover
18 the aggregate value of the lost contracts and opportunities (in essence, the expected net profit on his
19 film), which he claims is $330,500. AC ¶ 55. However, PayPal's user agreement[1] provides that:

> IN NO EVENT SHALL WE, OUR PARENT, EMPLOYEES OR OUR SUPPLIERS BE LIABLE FOR LOST PROFITS OR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH OUT WEB SITE, OUR SERVICE, OR THIS AGREEMENT (HOWEVER ARISING, INCLUDING NEGLIGENCE).

23 RJN, Ex. A at 19 (§ 14.7 of User Agreement) (formatting in original). This language expressly
24 limits PayPal's liability for "special, incidental or consequential" damages, and appears to preclude

---

[1] Mr. Mehmet concedes he accepted the terms of PayPal's user agreement. AC ¶ 58.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT — No. C-08-01961 RMW
VN                                      5

recovery of any lost profits or opportunities arising from Mr. Mehmet's use of PayPal's services.[2] It thus appears to a legal certainty that Mr. Mehmet can not recover from PayPal for these alleged lost opportunities, and therefore cannot rely on these to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

### 2. Damages for Defamation

Mr. Mehmet also seeks compensatory and punitive damages for shame, mortification and hurt feelings under Cal. Civ. Code § 48a(4), alleging that the email PayPal sent to Eric Anderson was defamatory and resulted in "embarrassment, humiliation, outrage and extreme distress" to him. AC ¶¶ 156, 170 (Fifth and Sixth Causes of Action). In its email to Eric Anderson, PayPal wrote:

> We received notification that the funds in question used for this transaction were possibly fraudulent. We did an investigation and it was determined that the funds, indeed, were fraudulent. As such, we had to return the funds to the party that had them taken from them without their authorization.

AC ¶¶ 13-16; Not. of Cross-Motion, Ex. C (Statement of Eric Anderson). Mr. Mehmet alleges that this email is defamatory and libelous because in it, PayPal accuses him of fraud. AC ¶ 157; Opp'n at 20. In California, compensatory damages for defamation at least as high as $2 million have been upheld. *See Weller v. Am. Broad. Cos., Inc.*, 232 Cal. App. 3d 991 (1991). In *Weller*, an antique silver dealer sued a television broadcasting company after it aired a report implying that he sold a stolen silver candelabra to a local museum. *Id.* at 998. The jury awarded $1 million to the plaintiff for mental suffering, $500,000 for proven injury to reputation and $500,000 for presumed damages to reputation. *Id.* At 998. Importantly, this verdict was upheld on appeal as not excessive. *Id.* at 1014. Furthermore, if Mr. Mehmet proves that PayPal acted with malice, he would be eligible to collect punitive damages. Cal. Civ. Code § 3294 (plaintiff may recover exemplary damages "where it is proven . . . that the defendant has been guilty of oppression, fraud, or malice"); *Di Giorgio Fruit Corp. v. Am. Fed'n of Labor and Cong. of Indus. Orgs.*, 215 Cal. App. 2d 560, 580 (1963) (quoting § 3294). In light of the fact that compensatory damage verdicts as high as $2 million have been

---

[2] It is worth noting that limited liability provisions like this have been upheld in a variety of contexts. *See, e.g. Deiro v. Am. Airlines, Inc.*, 816 F.2d 1360 (9th Cir. 1987) (upholding provision on passenger's ticket limiting airline's liability to $750).

upheld in California and that Mr. Mehmet may further be eligible to recover punitive damages, it does not appear to a legal certainty that his claims are for less than the required amount in controversy.

### 3. Other Claims

Because Mr. Mehmet's claim for defamation meets the amount-in-controversy requirement of 28 U.S.C. § 1332, it is unnecessary to address whether Mr. Mehmet's other claims add to the amount at stake in this litigation.

### D. Motion for Partial Summary Judgment

Contemporaneously with filing his amended complaint and his opposition to PayPal's motion to dismiss, Mr. Mehmet moved for partial summary judgment on his defamation claims. PayPal opposes the motion, arguing that summary judgment would be premature and urging that it should be given the opportunity to conduct discovery to find, among other things, "evidence pertaining to the alleged falsity of the e-mail in question." Opp'n to Mot. for Partial Summ. J. at 4.

It is true that Rule 56(a) permits a party asserting a claim to move for summary judgment at any after the expiration of 20 days from commencement of the action. Fed. R. Civ. P. 56. "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion [for a continuance] fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992) (Rule 56(f) continuance of a motion for summary judgment for purposes of discovery should be granted as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence). As an alternative to a continuance, courts have denied summary judgment without prejudice to its being renewed. *See* 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2717 (3d ed. 1998) ("Deferring a motion is a particularly appropriate step for the court if it believes that the summary judgment request is premature."). Because neither party has had the opportunity to conduct discovery and because this does not appear to be the result of a lack of diligence, the motion for partial summary judgment is denied as premature without prejudice to its renewal.

## III. ORDER

For the foregoing reasons, the court denies PayPal's motion to dismiss for lack of subject-matter jurisdiction and denies Mr. Mehmet's motion for partial summary judgment.

DATED: 8/12/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Notice of this document has been electronically sent to:

**Plaintiff Pro Se:**

B. David Mehmet         david@appellateterm.com

**Counsel for Defendants:**

Michael Graham Rhodes    rhodesmg@cooley.com
Oleg Cross               ocross@cooley.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Dated:   8/12/2008                           _____TSF_____
                                             **Chambers of Judge Whyte**

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT — No. C-08-01961 RMW
VN

9