COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| B. DAVID MEHMET,<br><br>             Plaintiff,<br><br>v.<br><br>PAYPAL, INC.,<br><br>             Defendant. | Case No. 5:08-cv-01961-RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CTRM:   6, 4th Floor<br>JUDGE:  Hon. Ronald M. Whyte |

      Pursuant to Fed. R. Civ. P. 16 and 26, Civil Local Rule 16-9, and this Court's Standing Order on Case Management Statements, the parties, having conferred pursuant to the Federal Rules of Civil Procedure and this Court's Order dated July 7, 2008, hereby submit this Joint Case Management Statement.

      **1.    Jurisdiction and Service:** Pursuant to this Court's Order dated August 12, 2008, this Court has jurisdiction over this action under 28 U.S.C §. 1332. The parties are currently not aware of any issues with respect to personal jurisdiction, venue, or service upon any additional parties.

      **2.    Facts: A Short Summary of Claims and Defenses**

Plaintiff's Statement:

This is an action for fraud, defamation, and other related claims brought by Plaintiff, B.

David Mehmet ("Plaintiff"), against PayPal, Inc. ("Defendant"). The Defendant operates an online money transfer service at its website, www.paypal.com. The Plaintiff was a consumer who entered into contract with the Defendant to utilize its money transfer service.

Plaintiff pleads eleven causes of action against the Defendant based on its fraudulent concealment of "false positives" and the risk, the utilization of wire communications to further its concealment, the wrongful withholding of the Plaintiff's and other consumers' funds when the Defendant was aware the Plaintiff and other consumers were victims of a false positive, the wrongful conversion of the Plaintiff's and other consumers' interest payments to the Defendant's own use within its pooled bank accounts even when the Defendant was aware that the Plaintiff and the other consumers were victims of a false positive, wrongly charging victims of a false positive charge back and reversal fees, investing the ill-gotten financial gains in other businesses, and Defendant's defamatory e-mail sent to the Plaintiff's business associate, Eric Anderson, which resulted from a false positive.

PayPal's Statement:

PayPal disputes Plaintiff's allegations, including the existence or concealment of alleged "false positives" and the allegedly defamatory nature of the e-mail in question. PayPal intends to vigorously challenge Plaintiff's allegations.

3. Legal Issues: Short Synopsis of Principal Issues in the Case

Plaintiff's position:

The principal issues are: (1) fraudulent misrepresentation, based on representations in Defendant's user agreement that it would not wrongly interfere with the Plaintiff's online money transfers without good cause; (2) fraudulent concealment, based on Defendant's alleged concealment of the possibility and risk of "false positives"; (3) fraudulent inducement, based on the same conduct; (4) negligent misrepresentation, based on the same conduct; (5) defamation, based on the email sent by Defendant to Eric Anderson allegedly accusing the Plaintiff of fraud; (6) defamation per se, based on the same conduct; (7) conversion, based on Defendant's alleged initial refusal to transfer the Plaintiff's funds to Eric Anderson or return them to the Plaintiff, and Defendant's conduct in refusing to pay the Plaintiff for interest accrued on the withheld funds; (8)

tortious interference with business relationship, based on Defendant's refusal to transfer the Plaintiff's funds to Eric Anderson after Eric Anderson provided Defendant with a copy of the contract between the Plaintiff and Mr. Anderson; (9) intentional infliction of emotional distress, based on the alleged emotional distress the Plaintiff suffered as a result of Defendant's conduct; (10) unlawful, unfair and fraudulent business practices violating Cal. Bus. & Prof.Code § 17200, based on Defendant's overall conduct and in particular its alleged concealment of the existence of "false positives" and the risk from all consumers; and (11) racketeering, in violation of 18 U.S.C. § 1961 ("RICO"), based on Defendant's alleged concealment of the existence of false "positives" from the Plaintiff and other consumers and its use of electronic communications to do so, its erroneous characterization of the Plaintiff's transaction as fraudulent and its use of electronic communications to do so, the wrongful withholding of the Plaintiff's and other consumers' funds, and the Defendant's failure to pay interest accrued on the Plaintiff's and other consumers' funds while those funds were wrongly withheld.

Defendant's position:

PayPal denies Plaintiff's contentions.

4.     **Relief**

Plaintiff's Statement:

Plaintiff seeks (1) liability against the Defendant, and (2) rescind the defendant's contract, and (3) enjoin the defendant from further withholding Plaintiff's interest payments, and (4) enjoin the defendant from further concealing false positives and the risk associated with them from all consumers, and (5) enjoin the defendant from using any damaging words such as "suspicion of fraud", "suspicious activities" or "fraud" within any consumer communication prior to a valid investigation being concluded, and (6) monetary damages consisting of compensatory and punitive damages, and for such other and further relief as this Court deems to be just and proper.

PayPal's Statement:

PayPal denies Plaintiff's contentions and maintains that Plaintiff is not entitled to any of the relief requested.

**5. Issues Parties Believe May Be Determined by Motion and Currently Contemplated Law and Motion Matters**

a. The Plaintiff currently has a motion for reconsideration pending before this Court. Furthermore, the Plaintiff intends to file a Motion for Summary Judgment, or in the alternative partial summary judgment pertaining to the pleaded causes of action. In addition, the Plaintiff will file a Motion or Cross-Motion for sanctions against the Defendant on the grounds that the Defendant's initial motion to dismiss and its second motion to dismiss are frivolous and nothing more than an unnecessary delay, which is also increasing the cost of this litigation.

b. PayPal's Motion to Dismiss Under FRCP 12(b)(6):

On August 22, 2008, PayPal filed a motion to dismiss eight of Plaintiff's eleven claims pursuant to FRCP 12(b)(6) and 9(b). PayPal denies Plaintiff's characterization of PayPal's motions.

c. Other Motions:

The parties believe it is premature at this time to speculate regarding other motions other than to state that it is likely that if the parties are unable to reach agreement with respect to discovery issues that arise in the litigation, they will file appropriate motions for protective orders. The parties also believe that it is likely that summary judgment motions may be filed after the conclusion of fact and/or expert discovery.

**6. Additional Parties and/or Amendment of Pleadings**

Plaintiff contends that further amendment of the complaint is contingent on any future Court order, or other newly discovered facts, or identification of other legal theories for recovery.

**7. Evidence Preservation**

Plaintiff's Statement: Plaintiff has not destroyed any relevant evidence and no relevant evidence will be destroyed until the resolution of this action.

PayPal's Statement: PayPal has taken appropriate actions to preserve potentially relevant evidence.

8. **Settlement Discussions and Procedures**

The parties have generally discussed the possibility of settlement. At this point, settlement is unlikely given the parties' significant disagreement as to liability and damages. The parties have stipulated to an Early Neutral Evaluation.

9. **Discovery Plan**

   a. The parties have discussed a discovery plan, agreeing on certain items and disagreeing as to other aspects of the plan. The parties have agreed to make initial disclosures pursuant to Fed. R. Civ. P. 26. PayPal has made its initial disclosures on August 15, 2008. Plaintiff expects to make his initial disclosures by September 16, 2008.

   The discovery plan includes the following schedule which has been agreed to between the parties:

   b. Fact and Expert Discovery
      i. Fact discovery to be completed by April 1, 2009;
      ii. Parties to designate experts and exchange expert reports pursuant to Fed. R. Civ. P. 26(a)(2) by May 1, 2009 (one month following the close of fact discovery);
      iii. Parties to exchange rebuttal expert reports (including designation of any additional rebuttal experts) pursuant to Fed. R. Civ. P. 26, by June 1, 2009 (one month following the exchange of initial expert reports);
      iv. Expert discovery cut-off and deadline for responses to rebuttal reports by June 15, 2009.

   b. The parties have agreed to negotiate the terms of a protective order which will govern the use of confidential information produced by parties and non-parties in this litigation.

   c. The parties have agreed that in addition to regular service of documents that service of pleadings, motions, and briefs also be made in pdf format by electronic mail and agree to expedite delivery of exhibits and/or appendices.

d.      Changes That Should Be Made to Discovery Limitations:

The parties disagree with respect to whether there should be changes made to discovery limitations.

Plaintiff's position:

Plaintiff believes that there should be in excess of 10 depositions. The causes of action within the Plaintiff's Complaint that pertains to the Defendants concealment of false positives and their risk, and other pleaded tortious conduct calls for the discovery of the day to day business management and operation of the Defendant's (1) customer service department, (2) complaint escalation department and (3) fraud investigation department, which requires the deposition of the Defendant's office managers in each department who have personal knowledge of daily complaints received from consumers and the complaint dispositions. In addition, the deposition of the president of the Defendant, Scott Thomas, is required as he also held the position of Chief technology officer of the Defendant, which testimony goes to the issue of the Defendant's fraud detection software and the existence and harm caused by "false positives." The deposition of the Defendant's in house counsel, John D. Muller, is being requested as it pertains to any legal disclosure of false positives in the Defendant's user-agreement, website and in any other legal documents that may have been provided to consumers. The deposition of the Defendant's Chief financial officer, Mary M. Hentges, is also requested to testify to the withholding of funds due to false positives and the conversion of interest payments within the Defendant's pooled bank accounts, which includes testifying to the charge back and reversal fees. The deposition of Eric M. Jackson, an ex-employee of the Defendant, is also being requested as he wrote a book that exposed the Defendant's false positives, the risk involved and the Defendant's personal knowledge of the false positives and the risk. Furthermore, depositions of five (5) consumers harmed by false positives are being requested. This includes the depositions of Bahia M. Bin Chambi (Investor), Eric Anderson (Received the Defendant's defamatory email), Michael Burks (Negotiated the film contracts), and Tina Taylor (Has personal knowledge of the Defendant's investigation that was mentioned in the Defendant's defamatory email dated August 6, 2007).

PayPal's position:

PayPal believes that the depositions should follow the Federal Rules of Civil Procedure. Depositions should be limited to one day of seven hours. Absent a written stipulation by the parties, or leave of court, no more than ten depositions should be permitted. In addition, PayPal expects that it will move this Court for a protective order to limit the number of depositions to only those relevant to Plaintiff's claims, and to prevent undue burden and harassment.

**10.    Trial**

The parties agree that trial will be by jury in this action. PayPal estimates that trial will take approximately three days. Plaintiff estimates that the trial will take approximately two weeks.

**11.    Other Issues**

Other issues: The parties do not have any other specific issues at this time to raise with the Court regarding pretrial proceedings.

**12.    Specific Dates**

The parties have agreed to the following dates:

a.    Fact Discovery cut-off: April 1, 2009

b.    Final Motion cut-off date: June 30, 2009; oppositions thereto to be filed by July 16, 2009, and replies thereto to be filed by July 24, 2009, with hearing(s) on summary judgment to be held on August 7, 2009.

c.    Final Pretrial Conference: The parties propose that the Final Pretrial Conference be held 2 weeks prior to Trial.

d.    Trial date: The parties propose that Trial commence 60 days following decision by the Court on dispositive motions.

Dated: August 25, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
OLEG CROSS (246680)

_____
Oleg Cross
Attorneys for Defendant
PAYPAL, INC.

Dated: August 25, 2008

_____
Plaintiff B. David Mehmet
*Pro Se*