COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| B. DAVID MEHMET,<br><br>   Plaintiff,<br><br>v.<br><br>PAYPAL, INC.,<br><br>   Defendant. | Case No. 5:08-cv-01961-RMW<br><br>**DEFENDANT PAYPAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND CERTIFICATION**<br><br>DATE: September 26, 2008<br>TIME: 9:00 a.m.<br>CTRM: 6, 4th Floor<br>JUDGE: Hon. Ronald M. Whyte |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

OPPOSITION TO PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND CERTIFICATION

## I. INTRODUCTION

Plaintiff B. David Mehmet ("Plaintiff") disagrees with this Court's August 12, 2008 Order (Doc. No. 26, hereinafter "Order"), denying without prejudice his motion for partial summary judgment as premature. To that end, Plaintiff has filed three motions, simultaneously seeking: (a) reconsideration of this Court's Order pursuant to Rule 60(b)(6); (b) leave of Court, pursuant to Civil Local Rule 7-9, to file a motion for reconsideration; and (c) certification of that Order pursuant to 28 U.S.C. § 1292(b). As shown below, Plaintiff's motion for reconsideration under Rule 60(b)(6) is procedurally improper. Further, Plaintiff's motion for leave pursuant to Civil Local Rule 7-9 does not offer any valid reasons for reconsideration, but instead re-argues Plaintiff's motion for partial summary judgment. Finally, Plaintiff's motion for certification does not meet the requirements of 28 U.S.C. § 1292(b). Accordingly, all three motions should be summarily denied.

## II. ARGUMENT

### A. Plaintiff's Motion For Reconsideration Under Rule 60(b)(6) Is Procedurally Improper and Should Be Summarily Denied.

Plaintiff seeks reconsideration, pursuant to Rule 60(b)(6), of this Court's Order denying without prejudice Plaintiff's motion for partial summary judgment. (Doc. No. 29.) According to Rule 60(b)(6), a party may be relieved from a *"final* judgment, order, or proceeding" for any reason that justifies relief. FRCP 60(b)(6) (emphasis added). This rule, however, is not applicable to an order denying a motion for partial summary judgment without prejudice because such an order does not constitute a "final judgment, order, or proceeding." *See State of California on Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 776-77 (9th Cir. 1998) (holding that "an order that adjudicates less than all claims" is not a final judgment); *United States v. Martin*, 226 F.3d 1042, 1048, n. 8 (9th Cir. 2000) ("Rule 60(b) . . . applies only to motions attacking final, appealable orders").[1] Accordingly, Plaintiff may not seek

---

[1] *See also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)"); *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1103 n. 1 (S.D. Cal. 2000) ("Rule 60(b) applies only to final judgments, and not to interlocutory orders").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

OPPOSITION TO PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND CERTIFICATION

reconsideration under Rule 60(b)(6).

In any event, Plaintiff fails to identify any "extraordinary circumstances" warranting reconsideration under Rule 60(b), merely repeating arguments made in support of his motion for partial summary judgment.[2] (*Compare* Motion for Reconsideration, Doc. No. 29, at 2-3 *with* Reply in Support of Motion for Partial Summary Judgment, Doc. No. 23, at 2-3.) Accordingly, Plaintiff's motion is procedurally improper, does not merit reconsideration, and should be summarily denied.

### B. Plaintiff's Motion For Leave Under Civil L. R. 7-9 Should Be Summarily Denied, As Plaintiff Merely Repeats Previously-Asserted Arguments.

Simultaneously with Plaintiff's motion for reconsideration pursuant to Rule 60(b)(6), Plaintiff seeks leave to file a motion for reconsideration of this Court's Order pursuant to Civil Local Rule 7-9. (Doc. No. 33.) Under Civil Local Rule 7-9, "[r]econsideration should be granted only where there has been an intervening change of law or fact, new evidence or authority not previously available in the exercise of reasonable diligence has been discovered, or reconsideration is necessary to correct a clear error of law or a manifest injustice." *Nelson v. Kane*, No. C 05-4419-CW-(PR), 2008 WL 2783213, at *3 (N.D. Cal. July 15, 2008) (citing *School Dist. No. 1J, Multnomah Co. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Plaintiff has not identified any intervening change in the law or new evidence, instead asserting that the Court "erred" in denying his motion for partial summary judgment, and re-arguing the merits of that motion. (Doc. No. 33, at 2-4.) As such, Plaintiff's motion for reconsideration violates the mandate of Civil Local Rule 7-9(c) ("Prohibition Against Repetition of Argument"), and should be summarily denied.

In addition, there is no "clear error of law," given that it is well established that district

---

[2] "Rule 60(b)(6) is to be used 'sparingly [and] as an equitable remedy to prevent manifest injustice.'" *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993); *see Lion Raisins, Inc. v. U.S. Dept. of Agriculture*, No. 1:05-CV-00062 OWW-SMS, slip op., 2008 WL 3834271, at *6 (E.D. Cal. Aug. 14, 2008) (Plaintiff "does not identify any extraordinary circumstances or manifest injustice to warrant relief under the 'catch-all' provision, Rule 60(b)(6)."); *see also Plotkin v. Pac. Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (holding that a party may not resort to Rule 60(b) to remedy a perceived legal error).

courts have broad discretion to grant continuances and deny as premature summary judgment motions filed early in the litigation. *See, e.g.*, *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Finally, there is no "manifest injustice" because the Court denied Plaintiff's motion for summary judgment without prejudice. (Order at 7.) Accordingly, leave to file a motion for reconsideration should be denied.

### C. Plaintiff's Motion for Certification Pursuant to 28 U.S.C. § 1292(B) Should Be Summarily Denied.

Plaintiff also moves for certification of this Court's Order pursuant to 28 U.S.C. § 1292(b) (Doc. No. 30) based on substantially the same memorandum of points and authorities offered in support of his motion for leave pursuant to Civil Local Rule 7-9. (*Compare* Doc. No. 30, at 2-3 *with* Doc. No. 33, at 2-3.) To certify an order for interlocutory appeal, a district court must find that the certification requirements of the statute have been met. These requirements are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Here, there is neither a "controlling question of law" nor "substantial grounds for difference of opinion" at issue, and Plaintiff does not suggest otherwise. (Doc. No. 30, at 2-3.) Furthermore, any appeal would not "materially advance" the termination of this litigation, but would only unnecessarily prolong it, increasing costs and burdening the courts.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff's motions for reconsideration and certification should be denied.

Dated: September 5, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
OLEG CROSS (246680)

/s/
_____
Oleg Cross
Attorneys for Defendant
PAYPAL, INC.

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 4401 Eastgate Mall, San Diego, California 92121. On the date set forth below I served the documents described below in the manner described below:

1. **DEFENDANT PAYPAL, INC'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND CERTIFICATION**

☒ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

586844 v1/SD

1.

5:08-CV-01961-RMW
PROOF OF SERVICE

1  B. David Mehmet
   130 Church Street, Suite 251
2  New York, NY 10007

3  Executed on September 5, 2008, at San Diego, California.

*(signature)*
Shelley Williams

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

586844 v1/SD

2.

5:08-CV-01961-RMW
PROOF OF SERVICE