COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
OLEG CROSS (246680) (ocross@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| B. DAVID MEHMET,<br><br>        Plaintiff,<br><br>v.<br><br>PAYPAL, INC.,<br><br>        Defendant. | Case No. 5:08-cv-01961-RMW-RS<br><br>**DEFENDANT PAYPAL, INC.'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER RE: PLAINTIFF'S ATTEMPT TO DEPOSE SCOTT THOMPSON, JOHN D. MULLER, AND MARY M. HENTGES**<br><br>DATE: April 1, 2009<br>TIME: 9:30 a.m.<br>CTRM: 4, Fifth Floor<br>JUDGE: Hon. Richard Seeborg |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on April 1, 2009 at 9:30 a.m., in Courtroom 4, Fifth Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, California, Defendant PayPal, Inc. ("PayPal") will and hereby does move the Court for a protective order prohibiting the depositions of PayPal executives: Scott Thompson, President; John D. Muller, PayPal's Vice President of Legal Services and General Counsel; and Mary M. Hentges, its Chief Financial Officer ("CFO"). This motion is made on the grounds that good cause exists to prevent the deposition of the Mr. Thompson, Mr. Muller, and Ms. Hentges because Plaintiff has failed to first use less intrusive means to obtain information sought by the deposition of these high-ranking

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1

NOTICE OF MOTION AND MOTION FOR
PROTECTIVE ORDER RE DEPOSITIONS

officers, and because these officers do not have personal knowledge of the facts relevant to this case.

PayPal makes this Motion based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Oleg Cross, the pleadings and records on file herein, and such other matters as the Court deems necessary or appropriate. PayPal respectfully submits that no oral argument is necessary for this motion. In addition, PayPal makes this motion following conferences by parties that took place on February 26, 2009 regarding the noticed hearing date pursuant to the San Jose Division Standing Order Regarding Case Management in Civil Cases.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

PayPal, Inc. ("PayPal") is a global leader in online payments solutions with more than 153 million accounts worldwide.[1] Plaintiff B. David Mehmet ("Plaintiff") has a PayPal account and here sues PayPal in connection with transactions made using that account.

Plaintiff's Verified Amended Complaint ("AC") alleges eleven causes of action and seeks damages in excess of $10 million. In reality, however, this is a simple case with relatively low disputed monetary value, if any. In essence, Plaintiff's allegations boil down to the following: PayPal improperly suspended his money transfers in the amount of $1,950 before releasing them (*See, e.g.*, AC ¶¶ 21, 24, 25) and sent an e-mail, which Plaintiff contends is false and defamatory. (*See, e.g.*, AC ¶¶ 13-14.) PayPal's motion to dismiss eight of eleven causes of action in the Complaint is currently pending before the Hon. Ronald M. Whyte. (*See* Doc. # 28 & 45.)

In the meanwhile, Plaintiff has noticed the following four depositions: (1) Scott Thompson, PayPal's President (for April 6, 2009), (2) John D. Muller, Vice President of Legal Services and General Counsel (for April 7, 2009), (3) Mary M. Hentges, Chief Financial Officer (April 8, 2009) and (4) the PayPal employee who allegedly wrote the false or defamatory e-mail or alternatively a FED. R. CIV. P. 30(b)(6) designee (April 14, 2009). PayPal agrees to a

---

[1] *See* http://www.paypal.com/cgi-bin/webscr?cmd=p/gen/about-outside (last visited on February 23, 2009).

deposition of PayPal's FED. R. CIV. P. 30(b)(6) designee (noticed for April 14, 2009).

However, the above high-ranking corporate officers of PayPal (President, CFO, and General Counsel) have no personal knowledge of the facts relevant to this case, including Plaintiff's accounts, the reasons his money transfers were suspended, or the allegedly false and defamatory e-mail at issue. Furthermore, Plaintiff has failed to first use less intrusive means to obtain information sought by their depositions, such as a FED. R. CIV. P. 30(b)(6) deposition. For these reasons, PayPal seeks a protective order pursuant to FED. R. CIV. P. 26(c).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize district courts to protect targets of discovery from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). District courts may also direct that "the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." FED. R. CIV. P. 26(c)(3).

## III. ARGUMENT

When a party seeks to take the deposition of an official at the highest level or "apex" of a corporation, the court may exercise its authority under the federal rules to limit discovery. This is especially so where, as here, the high-level corporate executive lacks unique or superior knowledge of the facts in dispute. *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 482 (10th Cir. 1995) (affirming grant of protective order preventing plaintiff from deposing Chairman of the Board of Directors of IBM in connection with a wrongful termination lawsuit by a former clerical employee); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirming grant of protective order preventing plaintiff from deposing the CEO and Chairman of the Board of Farmer Group, Inc.).[2]

---

[2] *See also* SCHWARZER, TASHIMA & WAGSTAFFE, CAL. PRACTICE GUIDE: FED. CIV. PRO. BEFORE TRIAL [¶] 11:345.5 (The Rutter Group 2002) ("The CEO of a corporation ... may obtain a protective order from being deposed about matters as to which he or she has no personal knowledge. This prevents use of depositions for harassment purposes and protects such persons from the interference of the discovery process."); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D.C. R.I. 1985) (Virtually every court that has addressed deposition notices directed at an official at the highest level or "apex" of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.        NOTICE OF MOTION AND MOTION FOR
          PROTECTIVE ORDER RE DEPOSITIONS

In addition, courts have refused to allow immediate depositions of "apex" deponents before the testimony of lower level employees with more intimate knowledge of the case has been secured. *See Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979) (granting protective order for executive where plaintiff had sought to depose the president of the company before deposing lower level executives); *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting protective order for Vice President of General Motors where plaintiff had failed first to depose lower level employees).

Here, ***the very first three depositions*** Plaintiff attempts to take are those of PayPal's President, General Counsel, and CFO. Plaintiff has failed to utilize less intrusive methods of discovery before attempting to conduct these depositions. The only other deposition Plaintiff has noticed – that of the PayPal employee who supposedly drafted the allegedly false and defamatory e-mail or in the alternative a Fed. R. Civ. P. 30(b)(6) designee (noticed for April 14, 2009) is scheduled *after* the depositions of the above-referenced high-ranking corporate officials. Furthermore, none of these high-ranking corporate officers have any knowledge – much less unique or superior knowledge – of facts relevant to this case.

Plainly, the above high-ranking executives should be spared the distraction and burden of the depositions in this case where: (1) Plaintiff has not first attempted to secure discoverable information from lower-level employees; and (2) these high-ranking officers do not have even a modicum of relevant information about this low-level, run-of-the-mill dispute.

## IV. CONCLUSION

For all these reasons, PayPal respectfully asks that the Court issue a protective order prohibiting the depositions of Scott Thompson, John D. Muller, and Mary M. Hentges. In the alternative, PayPal requests that the Court order these depositions to be postponed until after the Fed. R. Civ. P. 30(b)(6) deposition and upon showing that depositions of these officers could yield demonstrably relevant information. Finally, and yet again in the alternative, PayPal requests that the Court issue a protective order postponing the deposition of the above executives until after the Court rules on the currently pending motion to dismiss.

| | |
|---|---|
| Dated: February 26, 2008 | COOLEY GODWARD KRONISH LLP<br>MICHAEL G. RHODES (116127)<br>OLEG CROSS (246680)<br><br>/s/ Oleg Cross<br>Oleg Cross<br>Attorneys for Defendant<br>PAYPAL, INC. |