**E-FILED on** 3/27/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| B. DAVID MEHMET,<br><br>       Plaintiff,<br><br>    v.<br><br>PAYPAL, INC.,<br><br>       Defendant. | No. C-08-01961 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND 9(b)<br><br>**[Re Docket Nos. 28 and 46]** |

On September 26, 2008, the court heard oral argument on defendant's motion to dismiss the first, second, third, fourth, seventh, eighth, tenth and eleventh causes of action and took the motion under submission. Having considered the papers submitted by the parties and the arguments at hearing, for good cause appearing, defendant's motion is granted in part and denied in part.

## I. BACKGROUND

### A.  Factual Background

PayPal operates an online money transfer service at its website, www.paypal.com. Am. Compl. ¶ 5 ("AC"). On or about July 25, 2007, Mr. Mehmet used PayPal's service to transfer $750 to Eric Anderson to pay for a "film treatment." AC ¶¶ 6-7, 36. PayPal's fraud detection software

flagged this payment as possibly fraudulent, reversed the transfer, and suspended Mr. Mehmet's accounts with PayPal, effectively freezing $1,950 belonging to Mr. Mehmet. AC ¶ 79. On July 31, 2007, Mr. Mehmet contacted PayPal and was told that his account had been suspended because a previous PayPal account of his carried a negative balance and that this, combined with his recent transfers, caused PayPal's fraud detection software automatically to flag his account for possible fraudulent activity. AC ¶ 81. On August 6, 2007, PayPal sent an email to the recipient Eric Anderson in connection with this payment, stating that "the funds in question used for this transaction were possibly fraudulent. We did an investigation and it was determined that the funds, indeed, were fraudulent. As such, we had to return the funds to the party that had them taken from them without their authorization." AC ¶¶ 13-16. PayPal subsequently released and returned the funds to Mr. Mehmet, conceding that the payment was not fraudulent or unauthorized, but rather a "false positive." AC ¶¶ 25-28. However, PayPal did not pay Mr. Mehmet any interest earned on those funds while they were frozen. AC ¶ 25.

Around this time, Mr. Mehmet was planning to develop a film, "The Ultimate Hit." AC ¶ 35. Mr. Mehmet had engaged a private investor to finance the film in the amount of $250,000, contingent on delivery of the film treatment. AC ¶ 36. As a result of PayPal's reversal of the money transfer and the suspension of his PayPal account, Mr. Mehmet was unable to pay for and acquire the film treatment from Eric Anderson. AC ¶ 33. Subsequently, the investor backed out. AC ¶ 36. Mr. Mehmet also had plans to enter into an agreement with Carmike Cinemas, Inc. ("Carmike") to distribute the film in Carmike's theaters. AC ¶ 37. However, after Mr. Mehmet was unable to acquire the film treatment or secure financing for his film, Carmike declined to enter into such an agreement with the Mr. Mehmet. AC ¶ 45.

Based on these allegations, Mr. Mehmet asserts the following eleven causes of action:

(1)  fraudulent misrepresentation, based on representations in PayPal's User Agreement that it would not interfere with Mr. Mehmet's online money transfers without good cause and concealment of the possibility and risk of "false positives";

(2) fraudulent concealment, based on representations in PayPal's User Agreement that it would not interfere with Mr. Mehmet's online money transfers without good cause and concealment of the possibility and risk of "false positives";

(3) fraudulent inducement, based on the same conduct;

(4) negligent misrepresentation, based on the same conduct;

(5) defamation, based on the email sent by PayPal to Eric Anderson allegedly accusing Mr. Mehmet of fraud;

(6) defamation per se, based on the same conduct;

(7) conversion, based on PayPal's alleged initial refusal to transfer Mr. Mehmet's funds to Eric Anderson or return them to Mr. Mehmet, and PayPal's conduct in refusing to pay Mr. Mehmet for interest accrued on the withheld funds;

(8) tortious interference with business relationship, based on PayPal's refusal to transfer Mr. Mehmet's funds to Eric Anderson after Mr. Mehmet provided PayPal with a copy of the contract between Mr. Mehmet and Mr. Anderson;

(9) intentional infliction of emotional distress, based on the alleged emotional distress Mr. Mehmet suffered as a result of PayPal's conduct;

(10) unlawful, unfair and fraudulent business practices violating Cal. Bus. & Prof. Code § 17200, based on PayPal's overall conduct and in particular its alleged concealment of the existence of "false positives"; and

(11) racketeering, in violation of 18 U.S.C. § 1961 ("RICO"), based on PayPal's alleged concealment of the existence of "false positives" and its use of electronic communications to do so, its erroneous characterization of Mr. Mehmet's transaction as fraudulent and its use of electronic communications to do so, and its failure to pay interest accrued on Mr. Mehmet's funds while those funds were withheld.

### B.   Procedural Background

Now before the court is defendant's motion to dismiss the first through fourth, seventh, eighth, tenth and eleventh causes of action for failure to state a claim upon which relief can be granted. Defendant has not sought dismissal of the fifth cause of action for defamation, sixth cause

of action for defamation per se, or the ninth cause of action for intentional infliction of emotional distress.

## II. ANALYSIS

### A. Judicial Notice of PayPal's User Agreement

As a preliminary matter, PayPal gain asks that this court to again take judicial notice of its User Agreement. (Memo. in Support at 3 fn. 2.) The court previously took judicial notice of the User Agreement in determining the previous motion to dismiss and finds that it is appropriate to do so again.[1]

### B. Motion to Dismiss Fraud-Based Claims

PayPal seeks dismissal of the first three causes action for fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement under Rule 9(b) for failure to plead fraud with the requisite particularity. PayPal also seeks dismissal of the fourth cause of action for negligent misrepresentation for the same reasons.

Rule 9(b) imposes a heightened standard for pleading claims of fraud. Under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting the fraud." FRCP 9(b). This has been construed to require a plaintiff to "state precisely the time, place and nature of the misleading statements, misrepresentations and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), cert. denied, 516 U.S. 810 (1995). The plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

Having reviewed the parties submissions and the Amended Complaint, defendant's motion to dismiss is well-founded.

1. "Without Good Cause"

First, PayPal argues that the fraud-based claims are deficient because each alleges that PayPal fraudulently misrepresented in its User Agreement that it "would not interfere" with plaintiff's fund transfers "without good cause," (AC ¶¶ 114-117, 132-33, 135, 137, 141-142), yet

---

[1] PayPal's "Supplemental Request for Judicial Notice" [Docket 46] filed in connection with its reply papers, however, is denied.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND 9(b)— No. C-08-01961 RMW
TER                          4

1  there is no statement in the User Agreement regarding not interfering with transfers "without good
2  cause." Plaintiff does not identify any such "without good cause" language in the User Agreement
3  itself, but asserts that the amended complaint

> properly pleads fraud against the Defendant with particularity to place it on notice by establishing facts that prove that the (1) Defendant made a misrepresentation in its user-agreement to the Plaintiff and other consumers concerning blocking accounts, withholding funds, converting interest payments, charging reversal and charge back fees upon **good cause** while concealing the fact that the above actions could be taken even when there existed NO good cause; but rather a false positive, which is a mistake caused by the Defendant's anti-fraud detection software....

Opp. at 15 (emphasis in original).

Plaintiff thus admits that his fraud-based claims are based on the User Agreement but has failed to identify any specific statement that actually appears in the User Agreement as the basis for the fraud claims. Accordingly, plaintiff has failed to plead fraud with the particularity required by Rule 9(b), and the first, second and third causes of action are dismissed with leave to amend. For the same reason, the fourth cause of action for negligent misrepresentation is also dismissed with leave to amend.

2. Failure to Disclose "False Positives"

Each of plaintiff's fraud-based claims is also based on PayPal's alleged concealment of facts concerning "false positives," absent the concealment of which, plaintiff alleges, he would not have entered into the agreement with PayPal. (AC ¶¶126, 134, 143, 148). Once again, the allegations relating to the alleged failure to disclose the "false positives" have not been pleaded with the particularity required by Rule 9(b). The first, second, third and fourth causes of action are dismissed with leave to amend.

**C.  Dismissal for Failure to Plead Damages: First, Second, Third, Fourth and Eighth Eleventh Causes of Action**

PayPal also moves to dismiss the first through fourth and eighth causes of action on the ground that plaintiff has failed to plead cognizable damages, an essential element of each tort. At the heart of PayPal's argument is its contention that the limitation of liability provision in Section 14.7 of the User Agreement prevents plaintiff from recovering consequential damages, such as for lost profits and interference with business relations. Section 14.7 provides as follows:

> **Limitations of Liability.**  IN NO EVENT SHALL WE, OUR PARENT, EMPLOYEES OR OUR SUPPLIERS BE LIABLE FOR LOST PROFITS OR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH OUR WEB SITE, OUR SERVICE, OR THIS AGREEMENT (HOWEVER ARISING, INCLUDING NEGLIGENCE).  Some states do not allow the exclusion or limitation of incidental or consequential damages so the above limitation or exclusion may not apply to you. OUR LIABILITY, AND THE LIABILITY OF OUR PARENT, EMPLOYEES AND SUPPLIERS, TO YOU OR ANY THIRD PARTIES IN ANY CIRCUMSTANCE IS LIMITED TO THE ACTUAL AMOUNT OF DIRECT DAMAGES.

User Agreement ¶14.7 (formatting in original).  In making its argument, PayPal places heavy reliance on the court's August 12, 2008 order denying PayPal's motion to dismiss for lack of jurisdiction.  In seeking dismissal of the first cause of action, for example, PayPal asserts that the "Court has already determined [that] Plaintiff may not recover any alleged consequential damages or lost profits, as the limitation of liability contained [in] PayPal's User Agreement 'preclude[s] recovery of any lost profits or opportunities arising from Mr. Mehmet's use of PayPal's services.'" Memo. at 5.  PayPal reiterates this same argument in seeking dismissal of the second, third, fourth and eighth causes of action.  Memo at 6, 7 and 8.

In doing so, however, PayPal places too much reliance on language it excerpted from the August 12, 2008 order and overstates the import of such language.   The context of the order was defendant's motion to dismiss for lack of subject matter jurisdiction, and in relevant part, the order stated that Section 14.7 "<u>appears</u> to preclude recovery of any lost profits or opportunities arising from Mr. Mehmet's use of PayPal's services" and that such damages could not form the basis for establishing diversity jurisdiction.  Order at 5-6 (emphasis added).[2]  That portion of the order was essentially dicta, however, because the court denied the motion to dismiss after finding that the defamation claims were sufficient to establish diversity jurisdiction.  It was not the court's intent to

---

[2]  The order went on to state that "[i]t thus appears to a legal certainty that Mr. Mehmet cannot recover from PayPal for these alleged lost opportunities...."  August 12, 2008 Order at 6.  The "legal certainty" language of the order was derived from the Ninth Circuit decision in <u>Christensen v. Northwest Airlines</u>, 633 F.2d 529 (9th Cir. 1980), cited by PayPal, which held that the conceivable damages in that case (unliquidated tort claim for rude and discourteous conduct by defendant's employee) could not "to a legal certainty" meet the threshold for sustaining diversity jurisdiction. The language was not intended to be a final determination on the legal effect of the limitation of liabilities clause in the User Agreement.

finally determine as a matter of law, or as law of the case, that the limitation of liability clause in the User Agreement precluded consequential damages or tort liability.

Limitations of liability clauses generally are enforceable, but there are circumstances in which a liability limitations clause is not enforceable, such as when the party relying on the clause acted in bad faith or engaged in fraud, as noted in two of the cases cited by plaintiff.  See Opp. at 28, citing Valve Corp. v. Sierra Entertainment Inc., 431 F. Supp.2d 1091, 1101 (W.D. Wash. 2004) and Colonial Life Ins. Co. of Amer. v. Elec. Data Sys. Corp., 817 F. Supp. 235, 242-43 (D.N.H. 1993).  Other case law, cited by those cases, is in accord.  See RRX Indus. v. Lab-Con, Inc., 772 F.2d 543, 547 (9th Cir. 1985); S.M. Wilson & Co. v. Smith Int'l, 587 F.2d 1363 (9th Cir. 1978).  PayPal did not address these authorities in its reply, but instead relied primarily on the court's August 12, 2008 order.

At this stage of the proceedings, and based on the present state of the briefing, the court is not prepared to rule as a matter of law that the limitation of liability provision precludes plaintiff from pleading the various tort claims.  The effect of the limitation of liability clause may very well preclude plaintiff from recovering consequential damages, and may very well bar his claim for tortious interference with business relations, but that issue has not been addressed by the parties in a manner sufficient to enable the court to issue such a ruling at this time and is more properly reserved for resolution at a later stage of the proceedings.  Accordingly, defendant's motion, on this basis, is denied without prejudice.

**D. Motion to Dismiss Seventh Cause of Action for Conversion**

Plaintiff's seventh cause of action is for conversion, alleging that PayPal "wrongly gain[ed] possession of the Plaintiff's funds," "wrongly refused to return" such funds upon request, and "wrongly convert[ed] Plaintiff's interest payments to its own use." AC ¶175-76.  Defendant moves to dismiss the claim for conversion, arguing that the Amended Complaint concedes that PayPal has returned to plaintiff the funds that had been suspended (AC ¶24) and that plaintiff had no right to interest on the funds because he waived the right to interest in entering the User Agreement.  Section 5.2 of the User Agreement states:

> <u>You agree that you will not receive interest</u> or other earnings on the funds that PayPal handles as your agent and places in Pooled Accounts.  In consideration for your use of the service, <u>you irrevocably transfer and assign to PayPal any ownership right that you may have in any interest that may accrue on funds held in Pooled Accounts</u>.

(Emphasis added).

In opposition, plaintiff argues that the User Agreement permits PayPal to "convert" the interest "to its own use only if the funds were held for <u>good cause</u> and if the funds remained in the Defendant's pooled bank account." Opp. at 21.  PayPal correctly notes in reply, however, that the "good cause" limitation is not stated within the User Agreement.

Defendant's motion is well-founded.  The Amended Complaint concedes that PayPal returned the $1,950 to plaintiff, but alleges that PayPal "wrongly converted the Plaintiff's interest payments within its pooled bank account to its own use" and did not pay plaintiff the interest payments earned on the $1,950.  AC ¶¶ 24-25.  The conversion claim appears limited to a claim for unpaid interest on $1,950 for the period in which PayPal blocked plaintiff from transferring such funds.  Section 5.2 of the User Agreement states that the user assigns all interest in the Pooled Accounts to PayPal.  Therefore, by entering into the User Agreement, plaintiff gave up any claim for interest in an funds held in the Pooled Accounts.  Given the concession in the complaint that the principal was returned to plaintiff, and given Section 5.2 pursuant to which plaintiff assigned to PayPal all interest earned on the funds in the Pooled Accounts, plaintiff has asserted no cognizable claim for conversion.  The seventh cause of action for conversion is therefore dismissed with leave to amend, although the court is doubtful that plaintiff will be able to in good faith amend to state facts supporting a claim for conversion.

**E.     Motion to Dismiss the Tenth and Eleventh Causes of Action (Violation of California Business & Professions Code Section 17200 and RICO)**

Finally, defendant seeks dismissal of the tenth cause of action for violation of Section 17200 of the California Business and Professions Code and the eleventh cause of action for violation of the RICO (18 U.S.C. §1961) on the grounds that both claims sound in fraud but have not been pleaded with the particularity required by Rule 9(b).

1    The court concurs. The Section 17200 claim is based on the same false representations that
2 underlie the fraud claims that the court has already determined to have not been pleaded with
3 sufficient particularity. So too the RICO claim sounds in fraud (see AC ¶204 (concealing false
4 positives) and ¶¶ 209 et seq. ("fraudulent scheme"), and it too, must be pleaded with particularity.
5 Vess v. Ceiba-Geigy Corp., 317 F.3d 1097 (9th Cir. 2003).

6    Accordingly, the tenth and eleventh causes of action are dismissed with leave to amend.

### III.  ORDER

9    For the foregoing reasons, the court grants defendant's motion to dismiss in part and denies it
10 in part. The first, second, third, fourth, seventh, tenth and eleventh causes of action are DISMISSED
11 WITH LEAVE TO AMEND. The motion to dismiss the eighth cause of action is DENIED
12 WITHOUT PREJUDICE. Plaintiff shall have twenty days in which to file an amended complaint.

15 DATED:    3/26/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Plaintiff Pro Se:**

B. David Mehmet		david@appellateterm.com

**Counsel for Defendants:**

Michael Graham Rhodes	rhodesmg@cooley.com
Oleg Cross		ocross@cooley.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/27/09                                          TER
                                             **Chambers of Judge Whyte**