**\*\*E-Filed 4/4/2009\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| B. DAVID MEHMET,<br><br>        Plaintiff,<br>v.<br><br>PAYPAL, INC.,<br><br>        Defendant. | No. 5:08 CV 1961<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

## I. INTRODUCTION

Defendant PayPal, Inc. ("PayPal") moves for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to prohibit the depositions of three high-ranking PayPal executives that *pro se* plaintiff B. David Mehmet has noticed. Alternatively, PayPal requests that the depositions of the corporate officers be postponed until after the deposition of the Fed. R. Civ. P. 30(b)(6) designee or after the Court rules on the currently pending motion to dismiss. For the reasons stated below, PayPal's motion for a protective order will be granted.

## II. BACKGROUND

Mehmet brings suit against PayPal for fraud and defamation. PayPal offers online payment solutions by acting as go-between to facilitate payment transfers between online parties, and has

PROTECTIVE ORDER
CASE NO. 5:08 CV 1961

over 153 million accounts worldwide. Mehmet has a PayPal account and is suing PayPal in connection with an online transaction made using that account. Specifically, Mehmet alleges that a defect in PayPal's Anti-Fraud Detection software creates false positives which flag a harmless user's account and unfairly labels them as fraudulent. The false positives restrict a user's access to his or her account and cause PayPal to sends out emails accusing the user of fraud and seizing funds sufficient to cover all outstanding debts. Mehmet claims he was victimized in this way and maintains that PayPal knows about the false positives and is actively concealing the anti-fraud software's defects and the resulting harm to millions of users.

PayPal disagrees with Mehmet's allegations and maintains that this is a simple case with relatively low disputed monetary value. PayPal suggests that Mehmet's allegations should be characterized properly as the following: PayPal improperly suspended his money transfers in the amount of $1,950 before releasing them and mistakenly sent a warning e-mail to Mehmet's business associate.

In April 2009, Mehmet noticed for deposition PayPal's President, Vice President of Legal Services and General Counsel, and Chief Financial Officer. He also noticed the PayPal employee who wrote the allegedly false or defamatory e-mail or, alternatively, a Fed. R. Civ. P. 30(b)(6) designee. While agreeing to the deposition of its Rule 30(b)(6) designee, PayPal objects to the deposition of the three high ranking corporate officers because they have no personal knowledge of the facts relevant to the case, and because Mehmet has failed to use less intrusive means before seeking their depositions, such as a Rule 30(b)(6) deposition. As such, PayPal seeks a protective order pursuant to Fed. R. Civ. P. 26(c).

### III. LEGAL STANDARD

Under Rule 26, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The moving party has the burden of showing a particular need for protection under Rule 26(c). "Broad

PROTECTIVE ORDER
CASE NO. 5:08 CV 1961

1  allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the
2  Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting
3  *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).  Courts may also direct that
4  discovery should proceed using a method other than that selected by the party seeking discovery.
5  Fed. R. Civ. P. 26(c)(3).  At the same time, a "strong showing is required before a party will be
6  denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th
7  Cir. 1975).  Under the Federal Rules the party attempting to avoid discovery needs to carry a heavy
8  burden demonstrating why discovery should be denied.  *Id*.

## IV. DISCUSSION

11  PayPal opposes the deposition of Scott Thompson, its President; John D. Muller, its Vice
12  President of Legal Services and General Counsel; and Mary M. Hentges, its Chief Financial Officer
13  ("CFO"), on grounds that they are "apex deponents" and that they do not possess "unique personal
14  knowledge" of relevant facts.  Mehmet does not dispute that the law requires "unique personal
15  knowledge" as a pre-requisite to the deposition of a high level corporate officer, but he insists that
16  the record shows all three officers have such knowledge.

17  PayPal resists this deposition because the noticed officers have no personal knowledge of the
18  events at issue, and also because the deposition of its busy, high-level executives would be
19  inappropriate.  While a party seeking to prevent a deposition carries a heavy burden to show why
20  discovery should be denied, "courts are sometimes willing to protect high-level corporate officers
21  from depositions when the officer has no first hand knowledge of the facts of the case or where the
22  officer's testimony would be repetitive." *First United Methodist Church of San Jose v. Atl. Mut. Ins.*
23  *Co.*, 1995 WL 566026, at *2 (N.D. Cal. 1995).  Courts generally refuse to allow the immediate
24  deposition of high-level executives, the so-called "apex deponents," *before* the depositions of lower
25  level employees with more intimate knowledge of the case. *See First Nat'l Mortgage Co. v. Fed.*
26  *Realty Inv. Trust*, 2007 WL 4170548, at *2 (N.D. Cal. 2007) (allowing depositions of high-level

PROTECTIVE ORDER
CASE NO. 5:08 CV 1961
3

executives *after* depositions of lower-level employees suggested they might have at least *some* relevant personal knowledge); *Google v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 (N.D. Cal 2006) (allowing deposition of corporate founder only *after* learning from 30(b)(6) witnesses that he may have relevant first hand information); *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979) (granting protective order for executive where plaintiff had sought to depose the president of the company before deposing lower level executives); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting protective order for Vice President of General Motors where plaintiff had failed first to depose lower level employees).  Here, PayPal argues that its three executives should be spared the distraction and burden of the depositions when Mr. Mehmet has not first attempted to secure discoverable information from more knowledgeable lower-level employees. PayPal also argues in the alternative that the Court should postpone any depositions of these officers until after the deposition of PayPal's Rule 30(b)(6) designee.

A court may issue a protective order only after the moving party demonstrates that good cause exists for protecting the material.  Fed. R. Civ. P. 26(c).  The moving party has the burden of showing a particular need for protection under that rule.  A court may issue orders protecting a party from being deposed where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id*.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).  Here, PayPal has made the requisite showing of good cause by suggesting that the proposed deponents have no first hand knowledge of the issue involved.

Mehmet, however, is not entirely precluded from renewing his request, in the event he develops a basis for doing so upon completion of a 30(b)(6) deposition.  In other words, to the extent that the Rule 30(b)(6) designee deposition suggests that one of the noticed deponents has relevant personal knowledge, Mehmet should be given an opportunity to depose that executive.

PROTECTIVE ORDER
CASE NO. 5:08 CV 1961

4

## V. CONCLUSION

Accordingly, PayPal's motion for a protective order is granted.  Mehmet may renew his request to take the depositions in the event that he develops evidence reflecting that the would-be deponents have personal knowledge of the matters in dispute.

**IT IS SO ORDERED.**

Dated: April 4, 2009

_____
RICHARD SEEBORG
United States Magistrate Judge

PROTECTIVE ORDER
CASE NO. 5:08 CV 1961

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Oleg Cross     ocross@cooley.com

**AND A COPY OF THIS ORDER WAS MAILED TO:**

B. David Mehmet
26 Bond Street, Suite 251
New York, NY 10007

Dated: April 3, 2009

                                                      Chambers Staff

                                                      Chambers of Magistrate Judge Richard Seeborg

PROTECTIVE ORDER
CASE NO. 5:08 CV 1961

**United States District Court**
For the Northern District of California